Woolsey v. White.

---

ISAAC WOOLSEY

V.

PARMELIA WHITE.

1. CONTRACT—SERVICE AS MEMBER OF FAMILY.—It appearing that appellee lived in appellant's family as a member of it, making it her home; in the absence of any express contract, she is not entitled to pay for labor performed in conducting the household affairs.

2. CONDUCT OF JUROR.—The conduct of a juror in talking to the witnesses about the case, after he had been sworn, and before verdict, is very culpable.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.   Opinion filed December 4, 1880.

Messrs. McKENZIE & CALKINS, for appellant; that appellee accepted an offer to make her home with appellant, with an understanding that she would receive no pay for her work, and

Woolsey v. White.

no promise to pay for services will be implied, cited Whitney v. Sullivan, 7 Mass. 107; Worshen v. Stevens, 4 Mass. 448; Weston v. Davis, 24 Me. 327; Livingston v. Ackerson, 5 Conn. 531; Broughton v. Smart, 59 Ill. 440.

The relationship of the parties rebuts any presumption of an implied promise: Oxford v. McFarland, 3 Ind. 156; Ridgeway v. English, 2 Zab. 409; Conger v. Van Aerman, 43 Barb. 602; Lovet v. Price, Wright, 89; Hudson v. Lutz, 5 Jones, 217; Windland v. Deeds, 44 Iowa, 98; Smith v. Johnson, 45 Iowa, 308; Thorp v. Bateman, 37 Mich. 68; Ayres v. Hall, 5 Kan. 419; Scully v. Scully, 28 Iowa, 548.

A new trial should have been granted on account of the improper conduct of the juror in talking with appellee's witnesses during the trial: Knight v. Inhabitants of Freeport, 13 Mass. 217; Cohen v. Robert, 2 Strobh. 410; Phillipburg Bank v. Falmer, 3 N. J. L. 52; Smith v. Milligham, 44 Ga. 200; Redmond v. Royal Ins. Co. 7 Phil. 167; Simpson v. Kent, 9 Phil. 30; Tomilson v. Derby, 41 Conn. 269; Jewsbury v. Sperry, 85 Ill. 56; Essex v. McPherson, 64 Ill. 350.

To warrant a recovery in this case, an express promise to pay must be proved: Neil v. Neil, 59 Pa. St. 347; Morris v. Barnes, 35 Mo. 412; Bowen v. Bowen, 2 Bradf. 336; Hartman's Appeal, 3 Grant, 271; Griffin v. Potter, 14 Wend. 214; Hall v. Finch, 29 Wis. 278; Wells v. Perkins, 43 Wis. 160.

Mr. F. S. Murphy, for appellee; that after three jury trials, the facts found should be conclusive, and the errors must be very gross or involve great injustice to warrant granting a new trial, cited Silsbee v. Lucas, 53 Ill. 479; Wobrecht v. Baumgarten, 26 Ill. 291; Peck v. Brewer, 48 Ill. 54; Ill. Cent. R. R. Co. v. Patterson, Ill. Sup. Ct. 1879; Morgan v. Ryerson, 20 Ill. 343; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; Stevens v. Brown, 58 Ill. 289; Kightlinger v. Egan, 75 Ill. 141; Summers v. Stark, 76 Ill. 208.

In general, where services are rendered and received, the law will imply a promise to pay for them: Schwarz v. Schwarz, 26 Ill. 81; Downing v. Wright, 51 Ill. 363; Smith v. Thompson, 8 C. B. 44; 2 Parsons on Contracts, 46; 2 Wharton's Ev. § 1321; 1 Waits' Actions, 99.

Where a person occupies the position of servant in a family, there is a presumption in favor of wages: Miller v. Miller, 16 Ill. 296; Freeman v. Freeman, 65 Ill. 106.

Lacey, P. J. This was an action by appellee against appellant, for wages, for doing housework.

There was the plea of the general issue and the Statute of Limitations.

It appears from the evidence that appellee was the mother of the appellant's wife, and that sometime in the fall of 1866, she came, at her daughter's request, into the family of appellant, and lived with them as one of the family for some nine years, and until the death of her daughter, which took place some time in February, A. D. 1875. During all this time she did housework in the family. After the death of her daughter, she remained with appellant till in July, 1875, when some difficulty occurred between her and appellant, when she left his house, and remained away until the last of August of the same year, when she returned and lived with him and his children, as she had done before, and did the housework with the assistance of the children, until in 1877.

During the whole time she never said anything about wages, or claimed that any were due her. Appellant furnished the appellee clothing and necessaries, as one of the family. On the occasion of the death of appellant's wife, she called her mother to her bedside, and stated to her that she wanted her to stay there and make it her home, and take care of the children, as she always had done.

To this appellee replied that she would do the best she could.

At no time was there any promise that wages were to be paid to her.

Under these circumstances, we think no implied promise to pay wages, could arise.

The evidence clearly shows that neither appellee nor appellant contemplated the payment of wages.

That appellee was living in appellant's family as a member of it, and making it her home.

The verdict of the jury was manifestly against the weight of the evidence.

The conduct of the juror Blain in talking to the witnesses about the case before the verdict, and after having been sworn to try the case as a juror, was also very culpable.

For these reasons the judgment of the court below is reversed and cause remanded.

Reversed and remanded.