| 11 | 199 |
|----|-----|
| 44 | 272 |

</div>

## Daniel A. Walsh

<div align="center">v.</div>

## Patrick J. Walsh et al.

Building contract—Certificate of architect.—Where a building contract provides for payment upon the architect making a certificate of performance, the obtaining of such certificate from the architect is a condition precedent to the builder's right to payment, unless such certificate has been fraudulently or unreasonably refused or withheld, or has become impossible by reason of the death of the architect or has been otherwise legally dispensed with.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed July 25, 1882.

Mr. E. S. WILLIAMS, for appellant; that the obtaining of the architect's certificate was a condition precedent to payment, cited Packard v. Van Schoick, 58 Ill. 79; Korf v. Lull, 70 Ill. 420; Board of Trustees v. Lynch, 5 Gilm. 521; McAvoy v. Long, 13 Ill. 147; McAuley v. Carter, 22 Ill. 53; Coey v. Lehman, 79 Ill. 173; Taylor v. Renn, 79 Ill. 181; Fowler v. Deakman, 84 Ill. 130; Cent. Mil. T. R. R. Co. v. Spruck, 24 Ill. 587; Warren v. Curtiss, 36 Ill. 156; Snell v. Brown, 71 Ill. 142.

Mr. P. McHUGH, for appellees; that if a special agreement is proved, and the work done, but not pursuant to such agreement, a recovery may be had upon a *quantum meruit,* cited Taylor v. Renn, 79 Ill. 186; Livingston v. Johnson, 10 Johns 36; Eggleston v. Buck, 24 Ill. 262; Fowler v. Deakman, 84 Ill. 130.

WILSON, P. J.   Appellant, Daniel A. Walsh, entered into a written contract with appellees, October 18, 1876, whereby he agreed to pay them $5,000 for furnishing the material and doing the mason work required in the erection of a block of ten dwelling houses.

This suit was brought by appellees to recover a balance alleged to be due them for the labor and materials specified in the written contract, and also $750 for extra work and materials claimed by appellees to have been furnished and put into the building by them under a subsequent verbal contract between the parties.

The written contract provided that the work was to be done and the materials furnished to the full and complete satisfaction of the architect; that as the work progressed the superintendent should make estimates of the amount of the work done and materials furnished, and give a certificate therefor, less fifteen per cent., to be reserved until the completion of the building, when the balance due was to be paid upon the presentation of the architect's final certificate, provided he should certify in writing that appellees were entitled to payment. There was no provision in the written contract as to extras.

Walsh v. Walsh.

The evidence in relation to the making of the alleged verbal contract as to extra work and materials is conflicting; but assuming that the contract was proven as claimed by appellees, one of its provisions, according to the testimony of appellee McQueeny, was to the effect that it was to be left to the architect to estimate such extra work at the current rates of similar work and materials, and that appellant agreed to pay the amount found by the architect.

It thus appears that by the mutual agreement of the parties the architect was constituted the umpire between them in respect to the sufficiency and character of the work, and also as to the balance due under the terms of the contracts. His certificate as to the amount due under the written contract, and his finding as to the value of the extra work and materials, under the verbal contract, became respectively conditions precedent to a right of recovery under either. There was no proof of the making or furnishing the architect's certificate, as provided by the written contract, nor of any finding by him as to the value of the extra work and materials furnished under the verbal contract. Under this state of facts the court, at the instance of the plaintiffs, instructed the jury as follows: "That if they believe from the evidence that the plaintiffs substantially performed their contract, but failed in some particulars to complete their contract, still the plaintiffs are entitled to recover any (if any there be) unpaid balance on the original contract, and the reasonable or correct value at the time it was done of any extra work or materials furnished by the plaintiffs at the request of the defendant, if any such extras were so furnished, less any damages or diminution in value resulting to the buildings by reason of such failure (if there was any failure) to comply with the terms of the contract."

This instruction wholly ignores the existence of the architect, and his connection with the contracts. The law is too well settled in cases of building contracts like the present, to require a reference to authorities, that the obtaining of the architect's certificate is a condition precedent to the builder's right to payment, unless such certificate has been fraudulent-

ly refused or unreasonably withheld, or has become impossible by reason of the death of the architect, or has been otherwise legally dispensed with. The provision requiring such certificate is as binding as any other provision of the contract. As was said by Mr. Justice Craig in Coey v. Lehman, 79 Ill. 173, "The parties have seen proper to incorporate in the contract these provisions, and to provide this particular mode of payment, and with it they must be content. Courts are powerless to disregard the terms of a contract plainly expressed, but on the other hand it is their duty to enforce them according to the intent of the parties as shown by the language used in the contract."

But it is insisted that the architect had been discharged by appellant prior to the completion of the job, and that by such discharge appellees were released from their obligation to furnish the stipulated certificate. If it were conceded that the discharge of the architect would have the effect claimed, the instruction should nevertheless have embraced the hypothesis that the architect had been discharged. By the instruction, as given, the jury were told, in substance, that the plaintiffs were entitled to recover though no architect's certificate was furnished, and though no excuse for failing to furnish it was shown; thus in effect holding appellant to a contract to which he had never agreed. Nor is the error in this instruction corrected in any other one. In none of the instructions is the relation of the architect to the contracts recognized.

For the error of the court in giving the instruction, the judgment of the court below is reversed and the cause remanded.

<div align="right">Reversed and remanded.</div>