Davies v. Cobb.

## Lorin A. Davies

v.

## Albert W. Cobb.

1. Pleading—Practice.—Where there were several counts in the declaration, including counts upon the contract and one alleging an accounting between the plaintiff and the defendant, it was error to instruct the jury that the plaintiff must prove every material allegation in all the counts of his declaration, as this was tantamount to a direction to find for the defendant, there being no evidence in support of the count alleging an accounting.

2. Matters of law submitted to jury.—By such an instruction it was left to the jury to decide what allegations in the declaration were material and necessary to be proved, and the instruction was therefore erroneous.

3. Instructions that are not error.—The rule that erroneous instructions will not vitiate where it appears that substantial justice has been done, does not apply in cases where the evidence is strongly conflicting and the merits of the case doubtful.

Appeal from the County Court of Cook county; the Hon. Mason B. Loomis, Judge, presiding. Opinion filed November 29, 1882.

This was assumpsit brought by appellant against appellee to recover damages for a breach of contract by appellee, in failing to deliver a quantity of saltpeter, alleged by appellant to have been purchased by him from appellee.

The declaration contains four counts, the first of which alleges that on June 22, 1881, the defendant sold to the plaintiff, 275 bags of saltpeter, of an average weight of 180 pounds per bag, at $5\frac{7}{8}$ cents per pound, to be delivered by the defendant to the plaintiff, and to be paid for by the plaintiff on delivery. That, although afterward, on June 23 and 24, 1881, the plaintiff requested the defendant to deliver the goods, and the plaintiff was ready and willing to accept and pay therefor, and has always been ready so to do, yet the defendant refused, etc.

The second count avers a sale of the goods to the plaintiff, to be delivered in a reasonable time, etc.

The third count alleges a sale, the goods to be delivered on request, etc.

The fourth count alleges an accounting between the parties, in which defendant was found to be indebted to the plaintiff in the sum of $500, which he promised to pay, etc.

The defendant pleaded the general issue, and also a plea of former recovery, on the same cause of action, before a justice of the peace. Issues being taken on the plea, there were two jury trials, in the first of which the plaintiff had a verdict for $316.87, and on the second trial there was a verdict for the defendant, and judgment thereon.

The plaintiff brings the case here by appeal, and assigns for errors the giving of defendant's instructions, and each of them. The defendant's fourth instruction was as follows:

"4. The jury are further instructed, that to entitle the plaintiff to recover in this case he must prove every allegation in his declaration by a preponderance of the evidence; he must show, in order to recover more than ordinary damages, by a preponderance of the evidence, that at the time and place of the alleged failure to deliver on the part of the defendant, there was a difference between the price of saltpeter at which the contract was made (that is $5\frac{7}{8}$ cents) and the market price; and if the jury believe from the evidence that there was no difference between the contract and market price, then the jury can only find nominal damages for the plaintiff, even though the jury may believe from the evidence that there was a complete contract of sale between the parties, and that Cobb, the defendant, without any legal excuse, failed or refused to carry out such contract."

Mr. H. W. WOLSELEY, for appellant; that when the evidence is conflicting the jury must be properly instructed, cited Ill. Cent. R. R. Co. v. Maffitt, 67 Ill. 431; Volk v. Roche, 70 Ill. 299.

It was error to submit for the consideration of the jury questions of law: Henderson v. Henderson, 88 Ill. 248; Moshier v. Kitchell, 87 Ill. 18.

A sale being proved, the burden is upon the defendant to

show that it was conditional: Gowen v. Kehoe, 71 Ill. 66; Sturman v. Streamer, 70 Ill. 188.

Messrs. Conger & Gorton, for appellee; that where the evidence is conflicting the verdict will not be disturbed, cited Clifford v. Luhring, 69 Ill. 401; Reynolds v. Hopper, 70 Ill. 288; Cohen v. Schick, 6 Bradwell, 280.

Where the instructions, though inaccurate, are not such as will mislead the jury, the judgment will not be reversed: Edgmon v. Ashley, 76 Ill. 161; Sklies v. Caruthers, 88 Ill. 458; Pahlman v. King, 49 Ill. 266.

Wilson, J. Upon the trial in the court below, the plaintiff introduced evidence tending to show a purchase and sale of saltpeter as alleged in one or more counts of his declaration. The defendant admitted the non-delivery of the goods, but offered evidence tending to show that the sale was only conditional, and that the plaintiff failed to comply with the condition on his part, thus controverting the claim of the plaintiff.

By the defendant's fourth instruction the jury were told that to entitle the plaintiff to recover, he must prove every material allegation in his declaration by a preponderance of evidence. This instruction is liable to a two-fold objection. The declaration contained four counts—three setting out the contract in various ways, and a fourth alleging an accounting between the parties. Each count sets out a separate and distinct cause of action, and proof of either was sufficient to entitle the plaintiff to recover. But the jury were instructed, in effect, that they would not be justified in finding a verdict for the plaintiff unless he proved every material allegation in all the counts of his declaration, including the count which alleged an accounting between the parties. This was obviously wrong. As no evidence under that count was offered, the instruction was tantamount to a direction to find for the defendant.

Again, by the instruction it was left to the jury to decide what allegations in the declaration were material and necessary to be proven. This was erroneous. It is for the court, and not the jury, to say what facts are material. If any authority is needed in support of a principle so elementary as

this, reference may be had to the case of Moshier v. Kitchell, 87 Ill. 22, where the court say: "Instructions should, in a clear, concise and comprehensive manner, inform the jury as to what material facts must be found to recover or to bar a recovery."

It is urged by appellee's counsel that, assuming improper instructions were given, a new trial will not be granted when it appears from the whole record that substantial justice has been done. Conceding such to be the rule, it is not to be applied to a case where the evidence is strongly conflicting and the merits of the case doubtful. A careful examination of the evidence in the present case does not warrant us in saying the merits are clearly with the defendant. One jury has found for the plaintiff and one for the defendant, and the merits of the case, under the evidence, are doubtful. In such a case the rule is that the instructions must state the law accurately. In the language of the Supreme Court in Ill. Cent. R. R. Co. v. Moffit, 67 Ill. 431, "When the evidence is conflicting, and there may be doubt, each party has an indubitable right to have the jury clearly and accurately instructed as to the law of the case. Not only his own instructions shall be proper, but those of the opposite party shall be free from error."

For the error of the court in giving the defendant's fourth instruction, the judgment of the court below is reversed and the cause remanded for a new trial.

Reversed and remanded.