# CHICAGO, SANTA FE & CALIFORNIA RAILWAY COMPANY

## v.

## GEORGE BENTZ.

*Railroads—Negligence of—Personal Injuries—Crossings—Ordinance—Evidence—Instructions—Remittitur—New Trial.*

1. In a suit based upon personal injuries occurring through the negligence of the defendant in a given case, to entitle the plaintiff to recover he

must be shown to have been, upon the occasion in question, in the exercise of ordinary care.

2. An instruction in such case purporting to state the requisites to a recovery by the plaintiff and omitting that of ordinary care, is erroneous.

3. A person riding with another but not driving, is as much bound to exercise such care as the person driving.

4. In a case close in its facts, all instructions should state the law correctly.

5. In an action brought to recover from a railroad company for personal injuries alleged to have been sustained through its negligence, this court holds that the verdict for the plaintiff was against the weight of the evidence; that the court erred in giving a certain instruction for the plaintiff, and that for these reasons the judgment in his favor can not stand.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding.

Messrs. WILLIAMS, HOLT & WHEELER, and HALEY & O'DONNELL, for appellant.

Messrs. J. W. D'ARCY and J. S. REYNOLDS, for appellee.

UPTON, J. This was an action on the case by appellee against appellant, brought to recover damages for personal injuries received by appellee by being thrown from a wagon, which was struck by appellant's engine at the crossing of Marion street in the city of Joliet.

The declaration contained four counts. The first count alleged negligence in driving appellant's train; second, failure to ring the engine bell as by law required; third, obstructing view of track at that crossing, by box cars, etc; fourth, sets out an ordinance of the city of Joliet, granting right of way to appellant across that street, and requiring the construction of the railway in such manner as not to interfere with public use of it, and the non-compliance of appellant with the requirements of that ordinance, by means of which the injury is alleged to have occurred. Appellant interposed a plea of not guilty, issue was joined thereon, trial by jury had, who returned a verdict for appellee, with damages of $900. Upon

hearing a motion for a new trial the presiding judge required appellee. to remit $500 under penalty of having the verdict set aside and new trial awarded on refusal, which, being done, judgment was rendered for appellee in the sum of $400, to which appellant excepted, and brings the case to this court on appeal.

.The principal errors assigned which seem to be relied upon for reversal are: 1. The verdict was not warranted by the evidence. 2. Erroneous instructions given on behalf of appellee. 3. Refusal of new trial after *remittitur*.

1st. We think it clear under the evidence in this record and beyond cavil, that no case is made under the second and fourth counts of the declaration.

The second count was for the alleged failure of the servants of appellant to ring the bell upon the engine as required by law. Six unimpeached witnesses testify that it was ringing at the time of the collision, one of whom stated *he was ringing it*, the others that they saw or heard it ring. To rebut this, one witness, Henssgen, testified that he was so excited that he could not say; Suess and Bentz, the parties in the wagon, say that they did not hear any bell from the engine, and this was all the testimony upon that point.

As to the fourth count we need but remark that the ordinance of the city upon which that count is based, was not put in evidence on the trial as shown in the record before us. It is apparent, therefore, that appellee to maintain the case at bar must establish negligence on the part of the appellant, which was the proximate cause of the injury complained of, as alleged in the first and third counts of his declaration.

We think that the evidence is exceedingly scant and meager, as shown by this record, upon which to base a verdict for the appellee. The evidence clearly shows that the appellant had a flagman at the street crossing when the injury complained of occurred, who was on duty at the time of its occurrence, and who signaled to the driver of the wagon the approaching train. It would seem from the evidence that any person in the exercise of ordinary care should have seen the flagman, have heeded his signals and avoided the injury.

2d. It is too well settled to admit of discussion that in a suit based upon mere negligence of the defendant, as in the case at bar, it must be made to appear by the evidence to entitle the plaintiff to recover, that such *plaintiff* used or exercised *ordinary care*. It follows that any instruction to a jury upon the trial of such case, which purports to state the requisites to a recovery by the plaintiff, which omits this essential element, is erroneous. The second instruction given for appellee was as follows:

2. "If the jury believe from the evidence that the defendant's agents or servants in charge of the engine and train in question omitted to ring a bell continuously for a distance of eighty rods before reaching the street crossing, such omission constitutes a *prima facie* case of negligence against the defendant; and if the jury further believe from the evidence that the wagon in which the plaintiff was riding was struck by said train, and the plaintiff thrown therefrom and injured at the railroad crossing in question, as charged in the dec'aration, in consequence of the omission to ring the bell, *and that the person driving the wagon in which the plaintiff was, took reasonable and proper care to look out for the train* while approaching the crossing, and to prevent coming in contact with it, then the defendant is liable to the plaintiff for the loss and damage sustained by him by reason of such injury, if any such loss or damage has been shown by the evidence in this case."

This instruction is erroneous. It is conceded that appellee was not at the time of the injury "driving the wagon;" *Suess* was driving the horse which was drawing the wagon in which appellee was riding at the time of the injury. This instruction *released* the *appellee* from the exercise of ordinary *care*, although it required its exercise by the "driver of the wagon," which was Suess. It informed the jury in effect that appellee could recover without personally exercising any care or caution whatever on his part. Rolling Mills Co. v. Morrisey, 111 Ill. 650.

The fact that other instructions were given to the jury which did require the exercise of such care by the appel-

lee does not cure this error.   The rule is well established, that in a case close in its facts, the instructions should *all* state the law accurately.   The jury not being judges of the law are as likely to follow a bad instruction as a good one. Chicago & N. W. Ry. Co. v. Dimmick, 96 Ill. 47; Peoria v. Simpson, 110 Ill. 294, and cases cited.

We are inclined to the opinion that appellee's third instruction was not erroneous under the third count of the declaration, but that is not material in the view we take of the case.

3d.   It would not have been original error perhaps, sufficient to cause a reversal of the judgment below, for the trial court to have compelled a *remittitur* in the case at bar, as it was manifestly in appellant's interest so to do.   And inasmuch as a reversal of the judgment must be ordered and a new trial had, and the questions involved upon this point will not probably arise upon the re-trial, it is unnecessary further to examine or determine the questions presented upon that point, and we refrain from so doing.

Because the verdict of the jury seems to us to be against the manifest weight of the evidence, and the giving of appellee's second instruction, which was manifestly erroneous, the judgment of the Circuit Court is reversed and the cause remanded for further proceedings not inconsistent with the views herein above expressed.   Judgment reversed and cause remanded.

*Reversed and remanded.*