ROSA STOCK

*v.*

MARY STOLTZ.

*Filed at Mt. Vernon May 9, 1891.*

WAGES FOR SERVICES—*as between parent and child.* Where a child remains with the parent, or with a person standing in the relation of a parent, on arriving at the age of majority, and remains in the same apparent relation as when a minor, the presumption is that the parties do not contemplate the payment of wages for services rendered. But if it be shown that there is an express contract to pay for such services, a recovery therefor may be had.

APPEAL from the Appellate Court for the Fourth District ;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. ALEXANDER FLANNIGEN, for the appellant:

The law is well settled that where a child remains with the parent, or with a person standing in the relation of a parent, after arriving at majority, and remains in the same apparent relation as when a minor, the presumption is that the parties do not contemplate payment of wages for services. Unless it be shown that there is an express contract to pay for such services, a recovery therefor can not be had. The law, in such case, will not imply a contract on the part of the parent to pay for services performed, nor oblige the child to pay for support, but will presume that neither contemplates recompense, other than such as naturally arises out of that domestic relation. *Miller* v. *Miller,* 16 Ill. 296; *Brush* v. *Blanchard,* 18 id. 46; *Myers* v. *Malcom,* 20 id. 621; *Bond* v. *Lockwood,* 33 id. 212; *Maloney* v. *Scanlan,* 53 id. 122; *Mowbry* v. *Mowbry,* 64 id. 383; *Meyer* v. *Temme,* 72 id. 574; *Guffin* v. *Nat. Bank,* 74 id. 259; *Faloon* v. *McIntyre,* 118 id. 292; *Arnold* v. *Franklin,* 3 Bradw. 141; *Cooper* v. *Cooper,* 3 id. 492.

350      STOCK *v.* STOLTZ.

Brief for the Appellee.    Opinion of the Court.

Mr. FRED E. SCHEEL, and Mr. WILLIAM WINKELMAN, for the appellee:

The charge of the court must have proceeded upon the theory that the relationship existing, in the absence of an express promise, was a complete legal bar to the right to recovery in any and all such cases. Such, we think, is not the law.

In *Warren* v. *Warren*, 105 Ill. 569, the court say: "Where an adult daughter renders service to her father at his request, in the absence of proof that the services were performed as a gratuity the law will create a liability on his part to pay for them, although no price has been agreed upon as compensation."

In *Hilbish* v. *Hilbish*, 71 Ind. 27, the court say: "The rule is settled in this State, that where a child continues to reside with his parents as a member of the family after he arrives at age, or where the parents reside in the family of a child, there is no implied understanding on the part of either to pay for service rendered, or for board and lodging or clothing furnished, but the undertaking may arise from an express contract, or may be inferred from circumstances."

In 3 Wait's Actions and Defenses, 584, it is said: "When the person taken into the family is but a mere distant relation, the presumption of serving without pay is less strong, and slight circumstances will be sufficient to overcome it."

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of assumpsit, brought by appellee against the appellant in the Circuit Court of St. Clair County. The declaration contains the common counts for labor and services, and account stated. The verdict and judgment were for $1000.00 in favor of plaintiff. This judgment has been affirmed by the Appellate Court, and the judgment of the latter court is brought before us by appeal.

The appellant is a maiden lady who is a well to do farmer. She took the appellee, whose maiden name was Mary Jones,

into her home, when the appellee was only eight years old. Appellee lived with appellant sixteen years, working for her all this time except that she went to school three or four months during the winter. Appellee claims, that, when she became eighteen years of age, appellant agreed to pay her $1000.00 whenever she should get married, provided she would remain with appellant until the occurrence of the marriage. Appellee did remain and work for appellant until she was married in May, 1889, to William Stoltz, at which time she was twenty four years old. The object of this suit is to recover the $1000.00, which the appellant is alleged to have so agreed to pay.

Where a child remains with the parent, or with a person standing in the relation of parent, after arriving at the age of majority, and remains in the same apparent relation as when a minor, the presumption is that the parties do not contemplate the payment of wages for services rendered. But if it be shown, that there is an express contract to pay for such services, a recovery therefor may be had. (*Faloon* v. *McIntyre*, 118 Ill. 292). The main question in the present case was, whether or not there was such a contract between the parties to the suit. This question was fairly presented to the jury by the instructions given on the trial below, and the verdict was against the defendant. The appellant points out no errors in the giving or refusal of instructions, or in the admission or exclusion of evidence. The questions involved are questions of fact only, and they are settled by the judgment of the Appellate Court. There is nothing before us for our consideration.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*