JOHN McCLORY
v.
MARY LANCASTER.

*Assumpsit for Work and Labor—Instructions—Family Relation.*

1. In an action for work and labor, where the plaintiff had lived in defendant's family for a period of years, the controversy being as to

whether she worked under a contract or lived with defendant as a member of his family, under such circumstances that the law will not imply a promise to pay for the work done, *held*, it was error to so instruct the jury as to make the result depend upon whether plaintiff rendered services at the request of defendant.

2. Where the evidence is conflicting each party has the right to have the jury accurately instructed as to the law of the case, and that those of the opposite party shall be free from error.

[Opinion filed April 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Messrs. DALTON & LUMBARD, for appellant.

No appearance for appellee.

SHEPARD, J.  This was an action of assumpsit by the appellee against the appellant for work and labor, which resulted in the court below in a verdict and judgment for $315, in favor of the appellee on a third trial before a jury, the first trial having resulted in a disagreement by the jury, and the second in a verdict for $500, which was set aside. Under such circumstances the judgment of the court below would be affirmed, except for the plain error committed in the giving of the second of appellee's instructions.

The services sued for were rendered by the appellee during a period of eight years—from October 1877, until October, 1885, while the appellee lived in the family of the appellant, whose wife was appellee's sister, during which time she received her board and an equivalent of about fifty dollars a year in clothing.  The gist of the controversy is as to the circumstances under which the appellee so lived and worked in appellant's family; whether under any contract that she should be paid for her services, or merely as a member of the family, under such relations as the law will not imply a promise to pay from.  The distinctions to be found between such cases are well stated in Ayers, Executor, v. Hull, 5 Kansas, 419; Robinson v. Cushman, 2 Denio,

149; Scully v. Scully, Executor, 28 Iowa, 548; Woolsey v. White, 7 Ill. App. 277; Stock v. Stoltz, 137 Ill. 349; and is recognized in a large number of other cases. It was a question for the jury to determine, and if they had not been erroneously instructed their verdict would not be disturbed.

The second instruction given for appellee was as follows:

"The court instructs the jury as a matter of law, that if one person does work for, or renders services to another person, at his or her request, the benefit of which work or services are accepted by the person for whom such work is done, or to whom such services are rendered, then the law implies a promise on the part of the person for whom such work is done, or to whom such services are rendered, to pay unto the person doing such work or rendering such services, such an amount as such work or services are reasonably worth; and the jury are instructed that if they find from a preponderance of the evidence in this case, that the plaintiff, Mary Lancaster, did work for and rendered services to the defendant, John McClory, at his request, or at the request of his wife, and that the defendant accepted such work or services, and received the benefits thereof, they, the jury, should find the issues for the plaintiff, and assess the plaintiff's damages at such a sum as the jury may find from the preponderance of the evidence, such work or services are reasonably worth."

This instruction is bad, inasmuch as it confines itself to the proposition as to whether the services sued for were rendered at the request of appellant's wife and accepted by the appellant, and entirely ignores the other proposition, for the jury to ascertain from the evidence as to whether she went into the family as a member thereof and for a home, or some other inducement than a pecuniary one for her labor.

There was a direct conflict in the evidence as to the circumstances under which the appellee entered the family of the appellant, and her relationship while there. That is the very gist of the controversy as gathered from the evidence, and it should have been submitted to the jury under a

proper instruction. Neither was the instruction cured by the third of appellant's instructions, as modified by the court.

"In a case where the evidence is conflicting, and there may be doubt, each party has an indubitable right to have the jury clearly and accurately instructed as to the law of case. Not only that his own instructions shall be proper, but those of the opposite party shall be free from error." I. C. R. R. Co. v. Maffit, 76 Ill. 431; Davis v. Cobb, 11 Ill. App. 587.

For the error pointed out the judgment of the court below is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*