HARRY CHANNON

v.

HENRY KERBER.

*Practice—Improper Remark of Trial Judge—When Not Cured by Instruction—Erroneous Assumption in Instructions—Error Vitiates Verdict When Evidence Conflicting*

1.   A remark of the trial judge during a trial which practically told the jury to ignore a material part of defendant's case is not cured by a subsequent correct statement of the law on the same point.

2.   It is error for the court in any instruction to assume as true any fact which is in dispute, and where the fact assumed is of the very gist of the controversy, the error is of a character to warrant the Appellate Court in reversing the judgment.

3.   The rule that erroneous instructions will not vitiate a verdict where it appears from the whole record that substantial justice has been done, does not apply in cases where the evidence is strongly conflicting and the merits of the case doubtful.

[Opinion filed April 9, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. H. W. WOLSELEY, for appellant.

Mr. E. W. ADKINSON, for appellee.

SHEPARD, J.   This was an action in assumpsit upon a written contract whereby the appellee was bound to build and complete the necessary cut stone work for a residence for the appellant, resulting in a verdict and judgment against appellant.   Numerous errors are assigned, but we are of opinion that, aside from the alleged errors contained in the instructions to the jury, there is but one that can be sustained.   The specifications mentioned in the contract provide that the stone shall be "of the very best quality, Vert Island (McArthur) brown stone, free from defects.

All stones to be selected in the very best manner so as to be perfectly free from defects."

An essential element of the controversy between the parties is as to the quality of the stone that was put into the job. During the cross-examination by counsel for appellant of one of appellee's witnesses the following occurred: Question (by Mr. Wolseley, counsel for appellant): " Did you make an examination of that building for the purpose of discovering whether every stone in the front was composed of this McArthur stone or not ? "

The Court: " Are you contending that there were other stone used in the building excepting this McArthur stone ? "

Mr. Wolseley: " Yes, that is a part of the defense."

The Court: " I wanted to know. It would not matter whether they were spotted or speckled if they were a part and parcel of this McArthur stone. If you are contending that stone was put in the building other than that which came from this quarry, that is another matter."

A remark of this kind by the trial judge to counsel, in the presence of the jury, was well calculated to greatly injure the defendant. It was in effect as if the judge had said that the only question in issue was as to whether the stone put into the building came out of the Vert Island or McArthur quarry, and that it was immaterial whether the stone furnished was " free from defects," and " selected," as required by the specifications, if it were only McArthur stone. It was a total ignoring of a part of the defense that the stone furnished was not of the best quality and free from defects. It is no answer to say that the third instruction given on behalf of the defendant stated the issue and the law correctly, as we are unable to know upon which it was that the jury acted. Volk v. Roche, 70 Ill. 297.

Of the instructions, the first, second, third and fourth, given in behalf of the plaintiff below (the appellee here) are clearly erroneous. A vice common to each of them is the assumption that there was an amount due him (the appellee) upon the contract, whereas the fact as to whether anything whatever was due him upon the contract was a controlling

Channon v. Kerber.

issue in the case, and was a fact for the jury alone to determine, and without the determination of which in his favor, he was not entitled to recover at all.

Because the fourth instruction is complained of for other reasons, it is here set out in full, and will serve to illustrate the common defect in all the instructions in the respect mentioned. " The jury are further instructed that the architects had no right to refuse plaintiff a final certificate for the amount due him upon the contract, simply because the defendant directed them not to give such certificate, or threatened them with trouble if they did; that it was the duty of the architects to fairly and impartially examine the work, and decide whether or not it was done according to the contract, and if upon so doing, it was their honest opinion and judgment that plaintiff was entitled to any sum of money under his contract, then it was their duty to give the plaintiff a certificate for the amount that they believed to be so due him."

This instruction assumes two facts, both of which were disputed by appellant: 1st. That the architects refused to give a final certificate " simply because the defendant (appellant) directed them not to give such certificate or threatened them with trouble if they did." 2d. That there was an amount due to the appellee upon the contract.

The failure of the architects to furnish a certificate for the amount claimed to be due appellee and the ground for such failure was an issue made by the pleadings and controverted by the evidence. It was incumbent upon the appellee to prove both of the facts assumed by the instruction by a preponderance of the evidence, and for the jury to find that he had done so, before the legal conclusion stated in the instruction could properly be drawn by the jury. The law is too well settled in cases of building contracts like the present, to require a reference to authorities, that the obtaining of the architect's certificate is a condition precedent to the builder's right of payment, unless such certificate has been fraudulently refused or unreasonably withheld, or has become impossible by reason of the

death of the architect, or has been otherwise legally dispensed with. Walsh v. Walsh, 11 Ill. App. 199. The fourth instruction was therefore vicious because in addition to the defect already noticed, it assumes that the defendant directed the architect to do something which the jury alone were competent to find from the evidence he had done. It is error for a court, in an instruction, to assume as true any fact which is in dispute; and where the fact assumed is of the very gist of the controversy the error is of a character sufficiently grave to warrant an appellate court in reversing the judgment. Illinois Central R. R. Co. v. Zang, 10 Ill. App. 594; Chicago v. Bixby, 84 Ill. 82; C., St. L. & P. R. R. Co. v. Hutchinson, 120 Ill. 587; Sherman v. Dutch, 16 Ill. 283; Dart v. Horn, 20 Ill. 213; Davies v. Cobb, 11 Ill. App. 587; Village of Warren v. Wright, 3 Ill. App. 602.

The rule that erroneous instructions will not vitiate a verdict where it appears from the whole record that substantial justice has been done, does not apply in cases where the evidence is strongly conflicting and the merits of the case doubtful. Davies v. Cobb, 11 Ill. App. 587.

For the reasons stated the judgment of the Superior Court must be reversed and the case remanded.

*Reversed and remanded.*