### Knights Templars and Masons' Life Indemnity Co. v. Samuel E. Moore, Trustee, for the use of Carrie I. Parish et al.

1. INSTRUCTIONS—*When Erroneous.*—Where, by an instruction, the jury are told that the plaintiff claims that he is entitled to recover three several items or amounts, and if they find for the plaintiff their verdict will be for a sum equivalent to that claimed in all three items, while both parties agree that plaintiff is entitled to recover on one of the three items, the instruction is erroneous and is not cured by other instructions.

2. SAME—*Construction of General Rule.*—As a general rule all the instructions given in a case are to be construed together as one charge.

3. SAME—*Sufficiency of.*—It is usually sufficient if the instructions, when considered as a whole, present the law of the case fairly to the jury.

4. SAME—*Exception to the General Rule.*—As an exception to the general rule, it is stated that in a close case, the instructions should all state the law accurately. The jury, not being judges of the law, are as likely to follow a bad instruction as a good one.

Action upon Insurance Policy.—Trial in the Circuit Court of Cook County: the Hon. ABNER SMITH, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded. Opinion filed February 14, 1899.

H. W. WOLSELEY, attorney for appellant.

We submit that this record presents a case peculiarly calling for the application of the rule laid down by this court in C. S. F. & C. Ry. Co. v. Bentz, 38 Ill. App. 485:

"The rule is well established that in a case close in its facts, the instructions should all state the law accurately. The jury not being judges of the law, are as likely to follow a bad instruction as a good one."

This rule has abundant authority to support it. T., St. L. & K. C. R. R. Co. v. Cline, 135 Ill. 43; C. & N. W. Ry. Co. v. Dimick, 96 Ill. 47; S. L., etc., R. Co. v. Walker, 39 Ill. App. 388; City of Peoria v. Simpson, 110 Ill. 294; Kelley v. L. & N. R. R. Co., 49 Ill. App. 304; C. & W. R. Co. v. White, 26 Id. 586.

ASHCRAFT & GORDON, attorneys for appellee.

The instructions should be regarded as one charge and should be construed together. C., C., C. & St. L. Railway Co. v. Monaghan, 140 Ill. 474.

In determining whether instructions are correct, all of the instructions should be construed together. Cowen v. People, 14 Ill. 348; Lawrence v. Hagerman, 56 Ill. 68.

Where all the instructions taken together properly present the law of the case, they are sufficient, although one of them construed apart, might be regarded as inaccurate. Walker v. Collier, 37 Ill. 362; Murphy v. People, Id. 447; Potter v. Potter, 41 Ill. 80; Gainey v. People, 97 Ill. 270; Ritzman v. People, 110 Ill. 362.

MR. JUSTICE HORTON delivered the opinion of the court.

This is an action at law upon a policy of insurance issued by appellant upon the life of James A. Parish. The appellant is what is known as an assessment or membership company. The policy is for the sum of $5,000.

The policy contained the following provision:

"In case of the self-destruction of the holder of this policy, whether voluntary or involuntary, sane or insane, * * * this policy shall become null and void, and the widow and heirs or devisees of said member shall have no claim for benefits on this company; provided that in case of

the self-destruction or suicide of the holder of this policy, then this company shall pay to his widow, or heirs, or devisees, only such amount on this policy as the member therein paid to this company on this policy in assessments on the same without interest."

The issue was made by the pleas, and substantially the only defense was, that James A. Parish died by self-destruction, and, therefore, there could be no recovery upon the policy. Said Parish had paid $22.75 in assessments. It is conceded, as stated in brief and argument for appellee as follows, viz.:

"Both parties agreed that plaintiff should recover the twenty-two dollars and seventy-five cents ($22.75) in any event.

"The contest at the trial was, whether or not a recovery should be had for the five thousand dollars ($5,000)."

On behalf of appellant it is contended that there being no contest as to the right of appellee to recover the amount paid by James A. Parish in assessments, it was error to give to the jury the first instruction given by the court at the instance of appellee. It is conceded by appellant's pleas, and was by the testimony offered by it shown, that the amount of such assessments is $22.75. Said first instruction is as follows:

1. "The court instructs you as law in this case that the plaintiff seeks to recover under the terms of a contract of insurance upon the life of James A. Parish, in evidence, the sum of five thousand dollars ($5,000) mentioned in said contract, and the further sum of twenty-two dollars and seventy-five cents ($22.75), claimed to have been paid by said Parish as assessments upon said contract of insurance, and interest on the said amounts since April 20, 1895. And you are instructed that if you find for the plaintiff in this case, your verdict will be for the sum of five thousand twenty-two dollars and seventy-five cents ($5,022.75), and interest on that amount at five per cent (5%) per annum from April 20, 1895."

By this instruction the jury is told that the plaintiff claims that he is entitled to recover three several items or amounts, viz.: (1), the $5,000 named in the policy; (2), $22.75 paid by James A. Parish as assessments; and (3),

nterest on the total amount of these two items from the date named. This part of the instruction tells the jury that appellant claimed he was entitled to recover each one of these three items. It does not thus far assume to give the jury any instruction further than to inform them what the different claims are which the jury must pass upon in arriving at a verdict.

The jury are then, by the remainder of this instruction, told that if they find for the plaintiff, their verdict must be for the sum of $5,022.75 and interest thereon. That is equivalent to saying to the jury that if they find for plaintiff as to either the first or the second item, then they must find for him as to both the first and the second items and interest on both. The verdict of the jury is precisely as this instruction, as above interpreted and explained, directs.

It must be borne in mind, in considering whether this instruction was proper, that the real contest was whether James A. Parish died by self-destruction. Also, that it was conceded that plaintiff should recover the amount paid as assessments. The jury could not, under this instruction, do otherwise than just what they did do, *i. e.*, find in favor of plaintiff as to all three of the items named in said instruction.

On behalf of appellee it is contended that the defect in said instruction, if any there be, is cured by the instructions given at the instance of appellant.

As a general rule, all the instructions given in a case are to be construed together as one charge; also, it is usually sufficient if the instructions, when thus considered, present the law of the case fairly to the jury. (Ritzman v. People, 110 Ill. 362, 372.)

But as what may be considered, perhaps, an exception to the general rule, it is held that "The rule is well established, that in a case close in its facts, the instructions should *all* state the law accurately. The jury, not being judges of the law, are as likely to follow a bad instruction as a good one." C., S. F. & C. Ry. Co. v. Bentz, 38 Ill. App. 485, 489; C. & N. W. Ry. Co. v. Dimick, 96 Ill. 42, 48; I. C. R. R. Co. v.

Maffit, 67 Ill. 431, 435; Davies v. Cobb, 11 Ill. App. 587, 590.

The case at bar is "close in its facts" upon the question of whether Parish died by self-destruction—and this is the only question as to which there was any contest. The giving of said first instruction was erroneous. Under the facts and circumstances of this case, such error is not cured by the giving of the other instructions.

The contention on behalf of appellant that the company is not liable for interest even though appellee should be entitled to judgment, is not sound. The policy provides that in case of liability thereon the company will pay at a time there specified, that is, within sixty days after notice of the death. If entitled to recover upon this policy, appellee is entitled to recover interest.

For the error indicated, the judgment of the Circuit Court must be reversed and the cause remanded. Reversed and remanded.