## Consolidated Perfume Co. v. National Bank.

1. EVIDENCE—*Letters in Answer to Previous Communications.*—A letter received in answer to a previous communication is admissible in evidence without proof of handwriting, and is *prima facie* the letter of the person who purports to sign it.

2. PRESUMPTIONS—*President of a Corporation—Authority to Execute Promissory Notes.*—The president of an incorporated company is presumed to have authority to execute promissory notes.

3. INSTRUCTIONS—*Technical Accuracy.*—An instruction which recites that " if the jury believe," etc., without limiting them to the evidence as the source of their belief, is in this respect technically incorrect, but is not reversible error in this case.

Consolidated Perfume Co. v. National Bank.

Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1899.    Affirmed.    Opinion filed January 30, 1900.

James Turnock, attorney for appellant.

Lowden, Estabrook & Davis and Martin T. Baldwin, attorneys for appellee.

Mr. Presiding Justice Horton delivered the opinion of the court.

This is a suit brought by National Bank of the Republic, appellee, against Consolidated Perfume Company, appellant, and the Trans-Oceanic Company, to recover on a promissory note for the sum of $400, signed " Consolidated Perfume Co., per J. Lahmer, Pres." Said note was payable to the order of the Trans-Oceanic Company, and indorsed by said company and S. Franklin. Appellant filed three special pleas and the general issue verified. The first was a verified plea denying execution and delivery of instrument sued on. The second plea denied joint liability, and to this plea a demurrer was sustained. The third plea alleged want of consideration, and denied that plaintiff was a *bona fide* assignee of said note. The defendant, the Trans-Oceanic Company, defaulted. Replication was filed to above pleas except the second.

Appellee had discounted said note for S. Franklin and when it was not paid Franklin paid appellee. The jury rendered a verdict in favor of appellee, and judgment was entered thereon for the amount due upon said note, $416. To reverse that judgment the case is brought to this court by appeal.

Counsel for appellant presents several alleged errors in his brief.

First. It is urged that the trial court erred in admitting the note sued on in evidence, because the execution of said note was put in issue by verified special plea and its execution was not properly proved.

To prove the execution of said note appellee offered in

evidence what it is contended is a letter from appellant to said Franklin. It is upon what purports to be a printed letter-head of appellant. That letter, including the signature, is in typewritten print. Mr. Aronson, financial and office manager for said Franklin, testified that at the time he obtained said note from the Trans-Oceanic Company, the payee therein named, he addressed a letter to appellant, at its regular place of business on Lake street, Chicago, requesting information as to whether said note was good, and that the letter in question was received in reply to his letter to appellant. The original letter, which is bound in with the transcript filed in this court, has every appearance of being genuine. It is, including the printed heading, as follows, viz.:

" THE CONSOLIDATED PERFUME COMPANY,
Chicago, Ill.

Manufacturers of and dealers in all kinds of perfumery, extracts, toilet articles, etc. Introducers and sole manufacturers of the Consolidated Flavoring Powders. The finest flavoring in the world. 96–102 Lake street.

CHICAGO, April 5, 1898.

MR. S. FRANKLIN, 447 S. Morgan street, Chicago:

Dear Sir: Replying to yours of 1st inst., just received, beg to say, the note referred to in your letter is all right.

Respectfully yours,

THE CONSOLIDATED PERFUME Co.

J. LAHMER."

The testimony was sufficient to justify the admission of said letter in evidence. (Bloom v. State Ins. Co., 62 N. W. Rep. 810, 813 (Iowa, 1895); Norwegian Plow Co. v. Munger, 35 Pac. Rep. 11 (Kas. 1893); C., B. & Q. R. R. Co. v. Roberts, 49 Pac. Rep. 429 (Colo. 1897); Regan v. Smith, 29 S. E. Rep. 759 (Ga. 1897); People's Nat. Bk. v. Geisthardt, 55 Neb. 232, 238; National Acc. Soc. v. Spiro, 78 Fed. Rep. 777; Scofield v. Parlin & Orindorff Co., 61 Fed. Rep. 806.)

The same witness also testified that a few days after said letter was received a man called at the office of witness, who represented himself to be Mr. Lahmer, the party who had

signed the note; that to the best of his (the witness's) recollection, said Lahmer spoke of having received from appellee the letter referred to by this witness as having been sent to appellant; that said Lahmer requested the witness to return said note because it had been improperly disposed of by the party to whom it had been intrusted by appellant, and said that appellee would "have to sue for it."

After said letter had been offered in evidence and the testimony of said Aronson concluded, said note was admitted in evidence. There was no error in admitting in evidence either said letter or said note.

Upon the admission of said note in evidence appellee rested its case and appellant offered no testimony whatever.

Second. At the instance of appellant the court gave to the jury the following two instructions:

"First. The jury are instructed as a matter of law that under the evidence in this case, the fact alone, if you believe it to be a fact, that the indorser, S. Franklin, has paid the amount due upon this note to the National Bank of the Republic, does not discharge the defendant, the Consolidated Perfume Company, the maker, or discharge the maker's liability to the plaintiff in this case.

"Second. The jury are instructed that if they believe that the plaintiff received this note for value, without notice of any claim that the note was issued without any consideration given to the maker, or any other defense, the plaintiff is entitled to recover, regardless of the question as to whether or not the maker did receive any consideration."

It is contended by counsel for appellant that said first instruction is bad, because it assumes a disputed question of fact; that is, that appellant was the maker of the note sued on. The law is as contended by appellant, viz., that it is error for a court to assume as true a disputed question of fact. (Channon v. Kerber, 44 Ill. App. 269, 272.) But that rule of law is not applicable to this instruction in this case, for the reason that there is no dispute as to the question of fact assumed. By its plea appellant cast upon appellee the burden of proving the signature to the note. But when appellee has made a *prima facie* case upon that issue and

appellant offers no testimony, there is no dispute as to that question.  The evidence is all upon one side of the issue.  There being no conflict in the testimony, there was no reversible error in the giving of this instruction.  Gerke v. Fancher, 158 Ill. 375, 385.

It is also urged that both of said instructions are erroneous because they say to the jury that "if they believe" etc.,  *  *  *  without limiting the jury to the evidence as the source of their belief.  Both of said instructions are in this respect technically incorrect.  But "such an instruction may or may not be overlooked, as the merits of the case may appear."  City of Chicago v. Morse, 33 Ill. App. 62.

There is no evidence whatever offered by appellant, and no theory upon which the jury could have been warranted in finding the issues for the appellant.  Appellee was entitled to a verdict.  A peremptory instruction directing the jury to find for appellee would have been proper.  (Belinski v. Brand, 76 Ill. App. 404, 408; Eden v. Drey, 75 Ill. App. 102, 106.)  Hence the error in said instructions could have done no harm, and therefore giving the same is not a reversible error.

Third.  It is urged by counsel for appellant that the amount due upon said note having been paid to appellee by said Franklin, appellee can not maintain this suit.  This point is not well taken.  The authorities cited by appellant show that it is not.

The judgment of the Superior Court is affirmed.