SCULLY v. SCULLY'S EXECUTOR *et al.*

1. **Amendment:** AFTER APPEAL. Where a plaintiff amends his petition after an appeal to the District Court, it is not error to allow the defendant to amend his answer.

2. **Contract:** COMPENSATION FOR SERVICES. When one renders services for another, which are accepted, the law implies a promise to pay ; but if such services are rendered by a member of the family receiving support therein, no such implication arises ; nor can a recovery be had for services in such case, except upon proof showing a promise, either directly or indirectly.

*Appeal from Dubuque District Court.*

WEDNESDAY, APRIL 27.

THIS case originated in the County Court of Dubuque county. The plaintiff filed a claim against the estate of

John Scully, deceased, for personal services from April 12, 1852, to January 3, 1868, amounting to $3,396. The claim was allowed by the county court. The executor and a legatee of the decedent appealed to the District Court, where the cause was tried to a jury, and resulted in a verdict and judgment for defendant. The plaintiff appeals to this court. The further facts are stated in the opinion.

*H. McNulty*, for the appellant, cited 11 Vt. 214; Chitty on Cont. 471, 472; 3 Johns. 199; 2 Hill, 578; 13 Wend. 460: 5 Wis. 472; 17 Vt. 561; 7 Cal. 514; 11 Mass. 34; 15 Pick. 129.

*Shiras, Van Duzee & Henderson, Mills & Graham,* and *John Doud, Jr.,* for the appellees, cited *Lorriss* v. *Parsons,* 5 Watts and S. 587; *Cauder's Appeal,* 5 id. 513; *Defrance* v. *Austin,* 9 Barr, 309; *Butler* v. *Ham,* 50 Penn. 450; *Hartman's Appeal,* 3 Grant's Cases, 271; *Oxford* v. *McFarland,* 3 Ind. 156; *Morris* v. *Barnes,* 35 Mo. 414; *Updyke* v. *Titus,* 2 Beasley (N. J.) 151; *Davis* v. *Davis,* 9 Carr. and P. 87; *Williams* v. *Hutchinson,* 3 Comst. 312; *Wilen* v. *Wilen,* 48 Barb. 327.

COLE, Ch. J. — I. The first question made by the appellant's counsel arises upon the leave given by the court, 1. AMENDMENT: without any showing therefor, to the defend-after appeal. ants, to amend their answer by pleading the statute of limitations, in addition to their denial pleaded in the County Court. Two answers occur to us as sufficient to dispose of the appellant's objections to the ruling of the court. First, the plaintiff, by leave of court, as it fairly appears from the record, had amended her claim; and, second, the question of the statute of limitations had no bearing whatever upon the result of the case. The amendment of the claim by plaintiff, in the appellate *nisi*

*prius* court, would seem to justify an amendment of the answer by the defendant, and, in any event, no prejudice has resulted by the amendment to the appellant.

II. The evidence introduced on the trial of the cause in the District Court tended to show, that the plaintiff **2. CONTRACT:** was the sister of the decedent, John Scully, **compensation for services.** who was an unmarried man ; that he came from Ireland in advance of her, and she came in 1852 ; that he owned a farm in Dubuque county, which he was carrying on when she came; that she went directly to his house and had been a member of his family and done his house work and other work for him up to his death ; that he supported her during that time ; that his estate, over and above his debts, already proved against it, amounted to about three thousand dollars ; that he left a will, which had been admitted to probate, whereby he bequeathed an annuity of three hundred dollars to the plaintiff during her life, and an annuity of one hundred dollars to a brother during his life, and the remainder of his estate was devised " to Bishop Smyth and his successors in office residing in the city of Dubque, for charitable uses."

Upon this evidence the plaintiff asked the court to instruct the jury, substantially, that an action would lie to recover for personal services rendered by one person for another with his consent. But the court refused this, and did instruct the jury, substantially, that an action would not lie by one who was a member of the family and receiving the support of another, for services rendered that other, except upon proof of a promise or some understanding by such other that he would pay therefor. This is assigned as error.

Ordinarily and without more, where one person renders services for another which are known to and accepted by him, the law implies a promise on his part to pay

therefor. But where it is shown that the person rendering the service is a member of the family of the person served and receiving support therein, either as a child, a relative or a visitor, a presumption of law arises that such services were gratuitous; and, in such case, before the person rendering the service can recover, the express promise of the party served must be shown, or such facts and circumstances as will authorize the jury to find that the services were rendered in the expectation by one, of receiving, and by the other of making, compensation therefor.

The authorities cited by the respective counsel are not in conflict with each other nor with this rule. The instructions given in this case were in accord with the rule as above stated; and so, indeed, was the sixth instruction asked by the plaintiff and refused; but no prejudice resulted from the refusal, since it was fully given in the court's instructions. There was no proof in this case tending to show either that plaintiff intended to charge, or that the defendant's testator expected to pay, for the services sued for.

Affirmed.