ROGERS v. MILLARD.

1. **Instruction**: PLEADING: CONTRACT. Where, in an action upon an alleged express contract, evidence was introduced without objection putting the fact of such a contract in issue, it was *held* not error to instruct the jury with reference to an express contract, even though the pleadings might have put in issue an implied contract only.

2. ———: USE OF TERMS. In the giving of instructions it is not necessary that words should be defined which would convey the idea intended to men of ordinary intelligence.

3. **Services**: BURDEN OF PROOF: CONTRACT FOR BOARD. Where a father-in-law boarded in the family of his son-in-law, it was *held* proper to instruct the jury that the presumption of liability for his board would require a preponderance of evidence to overcome it.

4. ———: WHEN NOT GRATUITOUS: RELATIONSHIP OF PARTIES. In such a case, the father-in-law being a man of wealth, and contributing nothing by labor or money to the maintenance of the household, while the son-in-law was dependent upon his labor for his support, the presumption did not arise that the services were gratuitous by reason of the relationship.

*Appeal from Monroe District Court.*

FRIDAY, OCTOBER 20.

THIS suit was brought to recover of defendant a reasonable compensation for boarding defendant and his minor son for several years. It is alleged that the boarding was furnished at defendant's request, but that no agreed price was specified.

The answer denies that defendant requested plaintiff to board him and his minor son as alleged, or otherwise; alleges that there was no agreement, direct or indirect, or that any understanding was had to receive any pay or compensation for boarding defendant and his son; that on or about July, 1870, plaintiff with his wife and family, she being the daughter of defendant, moved into the house with defendant and continued to occupy it, and to use defendant's household and kitchen furniture until about June, 1874; that defendant furnished and provided not only said house, furniture, etc., but also furnished more than his proportion to support the

family while they so lived together, and that all the plaintiff and his wife did for defendant and his son was done as members of the same family living together in defendant's house, and defendant at no time agreed or understood that he was to pay plaintiff anything whatever for what plaintiff and his family did for him and his son.

There was trial by jury, verdict and judgment for plaintiff, and defendant appeals.

*Perry & Townsend*, for appellant.

*Coen & Coen* and *Dashiell & Andrews*, for appellee.

ROTHROCK, J.—I. It is claimed that the judgment should be reversed for alleged errors in the instructions given by the court to the jury, and for refusal to give certain instructions asked by defendant. We will briefly notice some of these objections.

Pending the trial plaintiff testified that he and defendant entered into an express oral contract by which defendant and his son were to board with plaintiff, and defendant was to pay plaintiff for their board, but no price was stipulated. Other witnesses testified that defendant stated to them that he was boarding with plaintiff and paying for his board. The defendant, in his testimony, denied that any contract was made or that he so represented. All this testimony was introduced without objection. The facts stated in the petition constituted an implied contract, in the sense that no price was agreed upon. In the third instruction the court said to the jury: "In the first place the plaintiff claims that the defendant agreed to pay him for his board and that of his son, but he does not claim that there was any agreement as to the price or value of such board that the defendant was to pay." To this exceptions were taken, and defendant asked the court, in substance, to instruct the jury that plaintiff was bound by his pleadings, that it was an implied contract if anything. The court refused this instruction because the evidence on both sides had gone to the jury without objection to

<span style="font-variant: small-caps">1. INSTRUCTION: pleading: contract.</span>

the pleadings, one party claiming and the other denying that there was an express promise.

In our judgment, there was no error in giving the instruction and in refusing the one asked. To constitute an express contract, it would be necessary that the price should be fixed. It was not claimed that this was done, and it was left by the parties to be fixed at its reasonable value. The express promise to pay something served to rebut the allegation of the answer that defendant was a member of a family, contributing his proportion to the family expenses. Besides, if the defendant was not content to put the case on this ground he should have objected to the evidence, or moved to exclude it from the consideration of the jury before the instructions were given.

II. The fourth, fifth and sixth instructions, are also based upon the idea of a promise to pay for the board, and are not objectionable.

The eighth instruction is as follows: "8. If you find from the evidence in the case that the defendant and his minor son

2. ———: use of terms.

boarded with the plaintiff for any time, then the law raises the presumption that the defendant was to pay what the same was reasonably worth." Objection is made to this, that it does not define the word boarder. In the trial of a case, it must be assumed by the court that the jury is composed of men of ordinary intelligence, and that they understand the meaning of ordinary language. It was not necessary for the court to say to the jury that a boarder was one who was not a visitor or guest, or one who furnished his proportion of the expenses of the household, or one who, by reason of peculiar relationship, was a member of the family.

III. The most strenuous objection is made to the ninth instruction. The portion to which exceptions are taken is as

3. SERVICES: burden of proof: contract for board.

follows: "This presumption may be rebutted by evidence of an express agreement between the parties that such board was not to be paid for. It may also be rebutted by circumstances, if they convince your mind by a preponderance of evidence that such presumption

is overcome; that is to say, if the circumstances and all the evidence in the case satisfy your minds that the defendant was not in fact to pay, notwithstanding the fact that board was furnished him by the plaintiff, then you will find against such presumption."

The objection urged to this is, that it requires the presumption of liability for the boarding to be overcome by a preponderance of evidence. We can discover no error in this. When the plaintiff made such a state of case that the law presumed a liability against the defendant, the burden was cast upon him to overcome the presumption by independent evidence, or by the circumstances surrounding the parties and attending their transactions. Of this the jury were fully advised in the concluding part of the same instruction.

IV. The defendant requested the court to instruct the jury "that the relation of parent and child existing between persons living together in the same household creates a strong presumption that no compensation or payment was intended to be made for services rendered by one to the other, beyond that received at the time they were rendered."

*4. ———: when not gratuitous: relationship of parties.*

This and other instructions embodying the same idea were refused by the court, and exceptions taken. The abstract proposition of law is correct, that " when it is shown that the person rendering the service is a member of the family served and receiving support therein, either as a child, a relation or a visitor, a presumption of law arises that such services were gratuitous." *Scully v. Scully*, 28 Iowa, 548; and see *Hall v. French, adm'r*, 29 Wis., 278.

But this rule has no application to the facts of this case. The defendant is a man of wealth; he has been twice married; the plaintiff's wife is the daughter of the first marriage, the minor son is the issue of the second marriage. The second wife of defendant died in 1870. The defendant was the owner of a grist mill, and a tract of land on which were houses and coal banks. The plaintiff, at the time of the death of the second wife, was in defendant's employ as a miller at $35 per month, and the use of one of defendant's houses.

After the death of defendant's wife some arrangement was made by which plaintiff removed into the house occupied by defendant. Defendant sold his cook-stove and most of his household and kitchen furniture, and built a room in addition to his house into which he removed his beds, bedding, etc. The plaintiff's wife did the cooking and washing and mending for defendant and his minor son, as well as her own family. The dealings of the parties as to other matters were very much the same as if no relationship existed. Under these circumstances we do not think that the mere relation of the parties was such as to raise the presumption that the boarding of defendant and his son was intended as a gratuity. On the contrary, it seems to us to be a fair presumption that the defendant was in some manner to pay for this service to him. It is true that there is a conflict in the evidence as to what proportion of the family provisions were furnished by the defendant, but the court properly instructed the jury to consider all these circumstances disclosed in evidence, including the relationship of the parties, in determining the question of liability.

V. There are other objections made to the instructions not necessary to be noticed here. They are principally directed to single paragraphs which, when considered with the others, are free from valid objections.

The instructions are a plain, clear, connected and methodical statement of the law, as applicable to the facts of the case. They are consistent with each other, and are given in such a way as that the jury could not fail to understand that they were to consider the whole of them together, each one as explained and qualified by the others. They do not, as in too many cases, consist merely of detached abstract propositions, a mistake in one of which is liable to mislead the jury.

AFFIRMED.