The Charles City Plow & Manf'g Co. v. Jones & Co. et al.

THE CHARLES CITY PLOW & MANF'G CO. v. JONES & CO. ET AL.

1. **Attachment:** ACTION ON BOND: EVIDENCE. Where an attachment was issued on the ground that defendants were about to dispose of their property with intent to defraud their creditors, and defendants sought to recover on the bond for the wrongful suing out of the attachment, *held* that the testimony of one of them that they had no such intent was irrelevant to the issue. (*Selz v. Belden*, 48 Iowa, 451, followed.)

2. ———: RETURN OF SHERIFF: WHAT IT IS EVIDENCE OF. A sheriff's return upon a writ of attachment is evidence only of such of his acts as he may lawfully do under and by virtue of the writ. And so, where the sheriff returned not only that he had seized certain chattels under the writ, but that he had also, at plaintiff's direction, seized, closed up and held possession of the houses in which the chattels were stored, which was not necessary for the preservation of the chattels, *held*, in an action on the attachment bond, that the return was not evidence of such seizure of the buildings, nor of the attachment plaintiff's direction so to seize them.

3. ———: WRONGFUL SUING OUT: ADVICE OF COUNSEL WHO ARE STOCKHOLDERS OF THE PLAINTIFF. In an action on an attachment bond for

the wrongful suing out of the attachment, the attachment plaintiff may show, for the purpose of rebutting the charge of malice, that it sought the advice of counsel, and acted under such advice, in suing out the attachment, even though the counsel consulted were stockholders or officers of the attachment plaintiff, which was a corporation.

4. ———: ———: ———: EVIDENCE OF CONVERSATION WITH COUNSEL. In such case, evidence should have been admitted of the conversation between the attachment plaintiff's business manager and its attorneys, relative to the suing out of the attachment.

5. ———: ———: ADVICE OF LAWYER NOT IN PRACTICE. In such case, the attachment plaintiff may show that it consulted an attorney by profession, but not in actual practice, and that he advised the suing out of the attachment.

6. **Damages:** MEASURE OF: LIMITED BY PLEADINGS: ERRONEOUS INSTRUCTION. Where some of the evidence tended to show that defendants' damages were greater than claimed in their counterclaim, it was error for the court to instruct the jury that if they found for the defendants they should award them such damages as the *evidence* showed them to be entitled to.

7. ———: ———: USE OF STORE FOR ATTACHED PROPERTY. Where certain articles in a stock of goods were levied on by attachment, and the building also was seized, but the attached property was left in the possession of one of the attachment defendants, (who were partners,) and his receipts taken for the same, and the key of the building was also left with him, and he was the person who had charge of the store and stock of goods, and he had the privilege from the sheriff to carry on the business at the store, but he voluntarily relinquished the charge of the store and surrendered the keys to the sheriff, who locked up the building for a time, *held* that defendants' measure of damages for the seizure of the building was not the value of its use from the date of the levy to the date of the release, but only the value of the storage of so much of the attached property as was in the building.

*Appeal from Floyd Circuit Court.*

THURSDAY, MARCH 10.

PLAINTIFF brought an action against defendants on a money demand, and sued out a writ of attachment, on which certain personal property belonging to defendants was seized. There was no controversy as to plaintiff's demand, but defendants pleaded a counter-claim for damages on the attachment bond for the wrongful suing out of the attach-

ment. On the trial, defendants recovered on the counter-claim, and plaintiff appeals.

*Ellis & Ellis*, for appellant.

*Starr & Harrison* and *J. C. Cook*, for appellees.

REED, J.—I. The grounds on which the attachment was sued out were "that defendants are about to dispose of their property with intent to defraud their creditors, and that defendants have property or rights in action which they conceal." On the trial a member of defendants' firm was examined as a witness on behalf of his firm, and was asked whether the firm, before the attachment was issued, was about to dispose of its property with intent to defraud its creditors, or whether there was any talk or intimation or intent on their part of doing so in the future. It was alleged, in an amended abstract filed by appellees, that these questions were not objected to, and, this allegation being denied by appellant in an additional abstract, we were required, in determining the controversy, to examine the transcript. We find, upon an examination of the bill of exceptions, that the questions were objected to on the ground of incompetency. Under the rule laid down in *Selz v. Belden*, 48 Iowa, 451, the objection should have been sustained.

1. ATTACH-MENT: action on bond: evidence.

II. The writ of attachment was directed to the sheriff of Kossuth county, and was levied on property in that county; the levy being made by the deputy-sheriff, who certified in his return that he had seized, on the writ, eighty-five plows, two churns, a ledger and day-book, one safe, two buggies, five corn-planters and five horses, and had garnished certain persons as supposed debtors of the defendants. Before the writ was returned, however, all of the property except the eighty-five plows was released, and the fact of such release was shown by the certificate of the sheriff indorsed on the writ. The

2. ——: return of sheriff: what it is evidence of.

plows, when the levy was made, were situated in a building which is described in the return as the east warehouse, while the other property (except the five horses) was in the business house in which defendants carried on business. At the term at which the cause was tried, the sheriff filed what is denominated an amendment to the return, in which he certified that, when the levy was made, by direction of plaintiff, he seized and locked up both buildings in which the property was situated, and that he kept possession of the store-room or building in which defendants carried on business for one month, when he released it, and restored it to defendants, and that he continued to hold possession of the warehouse in which the plows were situated.

One of the matters complained of by defendants, and for which they claimed damages, was that they were deprived of the use of these buildings. On the trial they offered the amendment to the return in evidence, and it was admitted by the court, over the objection of plaintiff. There is no claim that the writ was levied on either of the buildings, or that the officer had any intention of seizing them. Neither is it shown by the return that it was necessary to retain possession of the store-room as a place of deposit for the articles which were in it when the levy was made and were seized by the officer. We have, therefore, no occasion to inquire whether the sheriff might occupy it as a place of deposit for the goods, to the exclusion of defendants, and without their consent. It is clear, however, that, unless he occupied it for some purpose which was connected with the execution of the writ, his act was a trespass; and it may be conceded that, if plaintiff directed him to commit the act, it is liable therefor. But whether their liability therefor would be on the attachment bond we do not determine, as that question was not raised by the objection. But it does not appear by the return that the act was committed in the execution of the writ. It appears simply that he levied on the property; and that, by direction of the plaintiff, he

locked up the building, and that he retained possession of it for one month.

The sheriff is required by the statute (Code, § 3010) to return upon every attachment what he has done under it. The return should show what property was attached, and the disposition made of it, and all acts done by the officer in the execution of the writ, and his return is evidence against the parties as to the acts done by him in executing it, which are required by law to be shown by the return. But, under the ruling of the circuit court, the return was received as evidence of the locking up and retention of the building by the sheriff, and that this was done by plaintiff's direction. We are of the opinion that it was not competent evidence against it of those facts. If the sheriff had returned that in making the levy he had committed an assault on defendant, and that in committing that act he acted under the direction of the plaintiff, it would hardly be contended that in an action against the plaintiff for the assault the return would be admissible in evidence to prove either the commission of the assault, or that it was committed by its direction. Yet, upon the facts shown by the return, there is no difference in principle between this case and that. The return recites, in effect, that the officer, by plaintiff's direction, committed a trespass against defendant's property, while in the supposed case the act would be a trespass against his person.

III.   Plaintiff claimed that, before it sued out the writ, it made a statement of the facts to counsel, who advised it that upon the facts there was probable ground for the action, and that in suing out the writ it acted on that advice. The proof showed that the advice was given by a firm of attorneys, both members of which held stock in the corporation, (plaintiff being a corporation,) and one of whom was an officer of the corporation; and the circuit court instructed the jury to disregard the evidence given in sup-

3. ———:
wrongful suing out: advice of counsel who are stockholders of the plaintiff.

port of the defense.   By this ruling the court in effect held as matter of law, that, owing to the relations which the attorneys bore to the corporation, it could not show that it acted on their advice in suing out the writ, in rebuttal of the presumption of malice which might arise from the fact that no probable cause for the action existed.   This is erroneous.   The question was one of fact.   The counsel were not necessarily incapable of giving a correct opinion on the fact because of their pecuniary interest in the result.   The question in every such case is whether the party has honestly sought the advice of competent and trustworthy counsel, and acted in good faith on the advice given him; and that question is for the jury, and should be determined by them, like any other question of fact, from all the circumstances of the case.   *Center v. Spring*, 2 Iowa, 393.

IV.   The petition was sworn to by plaintiff's business manager.   The president of the corporation was examined 4. ——: ——: as a witness, and testified that he was present at ——: evidence of conversation with counsel. the consultation with the attorneys when it was determined that the writ should be sued out. He was asked to state the conversation between the business manager and the attorneys, but, on defendants' objection, the question was excluded.   It should have been allowed. Plaintiff was required to prove that the advice of the counsel, on which it claims to have acted, was given upon a full and fair statement of the facts of the case, and the evidence sought to be elicited related to that matter.   The witness also testified that he is a lawyer by profession, although he was not then engaged in the practice; and he 5. ——: ——: advice of lawyer not in practice. was asked whether a statement of the facts of the case had not been made to him, and whether he had not, on that statement, advised the suing out of the writ; but the court sustained an objection by defendants to this question.   We think these rulings were wrong.   As we have said, the question whether plaintiff, in suing out the writ, acted in good faith, on the advice of counsel, was one

of fact. It could not be determined, as matter of law, that it did not so act, merely because the advice upon which it acted was given by one who, although learned in the law, was not engaged in the active practice of his profession.

V. The defendants in their counter-claim set out the different items of damages which they sought to recover.

6. DAMAGES: measure of: limited by pleadings: erroneous instruction.

In some instances the evidence tended to prove that their damage was greater than the amount claimed in the pleading. The court instructed the jury that if they found for defendants they should award them such sum as the evidence showed would be a just compensation for the injury sustained by them in consequence of the suing out of the writ, and the seizure of their property thereon. Under the instructions and evidence the jury would be warranted in awarding them, in some instances, an amount greater than was claimed in their pleading. The jury should have been told that they could not award a greater sum than was claimed in the pleadings. This error was doubtless committed through inadvertence, but it was clearly prejudicial.

VI. When the levy was made, the property was left in the possession of one member of defendants' firm, who gave

7. ——: ——: use of store for attached property.

his receipt therefor. He was left in possession of the store, and the key was left with him. As we understand the evidence, there was an extensive stock of goods in the store, and but a few articles of the stock were levied upon. The member of the firm who was left in possession was in charge of the business; the other partners being absent. He had the privilege of continuing the business, and even of selling any portion of the attached property; being required, however, to pay over to the sheriff the proceeds of any such sales. He remained in possession but a few days after the levy, when he stated to the sheriff that he would no longer be responsible for the property, and surrendered to him the keys to the store. Under the rulings of the circuit court on the trial, defendants were

allowed to recover, as part of their damages, the value of the use of the store from the date of the levy to the time of the release by the sheriff of the property in it. As they had the privilege of using the building themselves during that time, and voluntarily relinquished that privilege, they are not entitled to recover the value of its use. If they are entitled to recover any amount on that claim, the measure of their recovery is the value of the storage of such of the attached property as was in the building.

Many other assignments of error have been argued by counsel. Some of the rulings complained of are clearly right, but they do not present any question which we deem of sufficient importance to demand special notice in this opinion; others are perhaps technically erroneous, but are not prejudicial; while others relate merely to the conduct of the trial, and will not probably arise again.

For the errors pointed out, the judgment will be reversed, and the cause remanded for a new trial.

REVERSED.