McGARVY v. ROODS, ADM'R.

| 73 | 363 |
|----|-----|
| 96 | 49 |
| 73 | 363 |
| 103 | 473 |
| 73 | 363 |
| 115 | 245 |
| 73 | 363 |
| 124 | 528 |

1. **Appeal:** PRACTICE: RULINGS NOT EXCEPTED TO. The action of the trial court in reserving the question of the admissibility of evidence objected to until the instructions were given, and then correcting the error, if any, cannot be reviewed on appeal, when it is not shown that such action was excepted to.

2. **Domestic Relations:** RIGHT TO COMPENSATION FOR MAINTENANCE OF PARENT IN FAMILY. In an action by a daughter to recover of her mother's administrator for the maintenance of the mother, who was aged and infirm, for some years prior to her death, *held* that no recovery could be had in the absence of an express promise on the part of the mother to pay for such maintenance, or such facts and circumstances as would satisfy the jury that the services were rendered in the expectation on the part of the daughter of receiving, and on the part of the mother of paying, compensation therefor. (See opinion for cases followed.) Where such facts and circumstances are shown, an express promise is not necessary; nor is it necessary in such case that the amount of the compensation should have been agreed upon.

*Appeal from Henry Circuit Court.*

SATURDAY, DECEMBER 10.

THE plaintiff presented for allowance a claim against the estate of Amelia Darneal. There was a trial by jury, verdict for the plaintfff, and judgment. The defendant appeals.

*L. G. & L. A. Palmer*, for appellant.

*Woolson & Babb*, for appellee.

SEEVERS, J.—The plaintiff is the daughter of the decedent, and the claim presented for allowance is for boarding and taking care of the decedent for some years prior to her death. The decedent was upwards of 80 years old, and quite infirm. At the time the services were rendered, the decedent was living with, and making her home with, her. The defendant insists that the plaintiff cannot recover, for the reason that the decedent lived with the plaintiff as a member of the family, and no such promise to pay as is required in such case has been established. The plaintiff concedes that no express promise to pay has been shown, but she claims that she has introduced evidence tending to show that the services were not rendered gratuitously, but that she expected to receive compensation, and that the decedent expected to pay for such services.

I. Counsel for the appellant have assigned errors based on the rulings of the court in admitting evidence given by Mrs. Clark. The abstract states that the questions asked the witness were objected to as incompetent, immaterial and irrelevant, and that the "decisions of the court were reserved by the court; the evidence to be controlled by instructions." We do not understand this to show affirmatively that the court either sustained or overruled the objections; nor does it appear that any exceptions were taken to what the court did, or refused to do. If there was any doubt as to this, it is dispelled by the additional

1. APPEAL: practice: rulings not excepted to.

abstract filed by the appellee, which states that no exceptions were taken, and that the court neither sustained nor overruled the objections made to the questions asked Mrs. Clark. It is therefore apparent that we cannot review the rulings of the court reserving the question as to the admissibility of the evidence until the instructions were given, and thus correcting the error, conceding that one has been committed, for the reason that the action of the court was in no manner excepted to. Counsel for appellant insist, in argument, that the court overruled an objection to interrogatory 17, asked Mrs. Howard, but the abstract fails to state that any objection was made to this interrogatory, or that the court made any ruling in relation thereto. Objections were made to a certain question asked Mrs. Berry and Mr. Carmichael, but we think the evidence elicited was clearly admissible. In argument, it is said objections were made to certain questions asked Mrs. Faulkner which were overruled. The questions so objected to are not indicated by counsel, and we are unable to ascertain from the abstract the specific questions or rulings to which counsel now take exception.

II. The court instructed the jury, in substance, that the burden was on the plaintiff to establish the service, and an 2. DOMESTIC relations: right to compensation for maintenance of parent in family. "express promise on the part of the intestate to pay for the same, or facts and circumstances that satisfy the jury that the services, if any, were rendered in the expectation, by Mrs. McGarvey, of receiving compensation therefor, and that the intestate also expected to pay therefor at the time;" and in another instruction the jury were told that there was no sufficient evidence of an express promise. The instructions, therefore, were in accord with *Scully v. Scully's Ex'r*, 28 Iowa, 548. This case has been repeatedly followed. (See *Rogers v. Millard*, 44 Iowa, 466; *Wence v. Wykoff*, 52 Id., 644; *Chadwick v. Devore*, 69 Id., 637; *Hart v. Flynn*, 36 Id., 366; *Smith v. Johnson*, 45 Id., 308.)

Counsel for appellant claim that *Scully v. Scully's Ex'r*

holds there must be an express promise, and that the last two cases cited support this view. This is a mistake. The rule established by the decisions of this court is that where the family relation exists, and services are rendered by one person to another at a time when both sustain such relation to each other, no promise to pay can be implied because the services were performed by one and accepted by the other, as would be the case if such relation did not exist. The person claiming compensation must go a step further, and establish that there was an expectation by both parties that a compensation should be paid. In other words, the person seeking compensation must establish that the services were not performed gratuitously, and the presumption which prevails because of the existence of the family relation must be overcome by affirmative evidence. It is not essential that the amount of the compensation should be agreed upon. This view, we think, is in accord with the weight of authority in this country; but whether this is so is immaterial, for the reason that such is the view adopted by this court. While counsel do not concede this, they claim that, if it be conceded, then the verdict is not sustained by the evidence, which, however, we have separately read, and we have separately reached the conclusion that we cannot interfere with the finding of the jury. There is considerable evidence tending to prove that the intestate expected to pay for the services rendered by the plaintiff, and that the latter expected to be compensated we feel sure. The intestate frequently spoke of the matter, and said the plaintiff should be compensated; that all the property she had was devoted to this purpose, and that she had given her other children all that she intended to. It is true that sometimes, when she spoke of the matter, she evidently meant that she would so provide in her will; but the jury were expressly instructed that an intention to so provide for or compensate the plaintiff was not sufficient, and that all such declarations should be disregarded. We

deem it sufficient to refer to the evidence in this general way, without setting it out, and such is not our custom.

The court declined to give the instructions asked by the appellant; and in relation thereto we deem it sufficient to say that the charge of the court, it seems to us, covers the whole ground, and therefore the court did not err in refusing the instructions asked.

AFFIRMED.