## LAWRENCE RESSO v. DANIEL LEHAN, Appellant.

| 96 | 45 |
| 105 | 484 |
| 96 | 45 |
| 124 | 528 |

**Evidence.** Where one side urges that no wages were paid and the other asserts payment in full, plaintiff may state what amount defendant has paid him on account of wages.

**SAME.** On defendant's allegation that plaintiff's services were paid for in care and education, plaintiff may show what work he did and what clothing he was furnished.

**SAME.** Plaintiff stated that he was taken sick in defendant's house after he had been turned off by defendant; that plaintiff paid one and the county the other doctor. *Held*, not to be prejudicial error; especially where defendant urges that plaintiff was paid not only in education, clothing, etc., but in the benefits and influences of a home, care bestowed, and all these matters that influence and surround boys and really fix and determine their character and work in manhood.

**RELEVANCY.** Where one is sued for the service of a minor whom he took to live in his family, it is immaterial how long the minor lived with the person from whom he was taken, what efforts had been made to get him a home and whether the minor considered himself to be the adopted son of defendant.

**Services of Member of Family.** The presumption is that such services were rendered gratuitously and plaintiff must overcome it by evidence fairly showing that there was an express promise to pay or an understanding and expectancy that payment would be made; and on the question whether the defendant expected to pay, it may be shown that he promised plaintiff a sum of money and a team if he would continue to live with him a certain time.

Neither is the amount which may be recovered limited to such sum and team.

*Appeal from Shelby District Court.*—Hon. N. W. Macy, Judge.

Friday, October 18, 1895.

Plaintiff, for cause of action, alleged in his original petition, in substance, as follows: That the defendant was indebted to him in the sum of one thousand three hundred and fifty dollars, for services as a farm hand, performed at the defendant's request, no part of which had been paid, and which indebtedness arose as follows: "That on the ——— day of September, 1880, at the request of the said defendant, he entered into the employment of the defendant as a farm hand, and continued in said employment until on or about the 26th day of December, 1890, for which service the said defendant agreed to pay him what it was 'reasonably worth.'" Following this, he alleges the value of the services for each year, and demands judgment for one thousand two hundred dollars, with interest. The defendant answered, denying generally, and, in an amendment, alleged that about September, 1880, plaintiff, at the instance of a Catholic priest then having plaintiff in custody for the purpose of finding him a home, was taken by the defendant to his home, kept, schooled, clothed, fed, and cared for as a member of defendant's family, until about December, 1889; that whatever labor plaintiff performed for the defendant was during said time, and while he was so residing and making his home with the defendant, as a member of his family; that he was allowed and permitted to go to school, and performed no labor for defendant, except as a member of his family. Defendant further alleges that the plaintiff has been fully paid for all the labor and services performed by him, "in the way of money

paid to him, and the furnishing of a home, clothing, food," etc. The case proceeded to trial upon these issues and, at the close of the plaintiff's testimony, plaintiff filed an amended and substituted petition, alleging the indebtedness as before stated, and that the indebtedness arose as follows: That on the —— day of September, 1880, the said plaintiff entered into the employment of the defendant as a farm hand, and continued in said employment until on or about the 26th day of December, 1890; that said services were reasonably worth $1,350." Following this, he alleges the "reasonable worth" of each year's services, and asks judgment for one thousand three hundred and fifty dollars, with interest. It was agreed that the defendant's answer on file should stand as an answer to this amended and substituted petition, and upon these issues further evidence was taken, and the cause submitted to the jury. The verdict was returned in favor of the plaintiff for nine hundred and forty-one dollars and sixty-four cents, and judgment entered thereon. Defendant appeals.—*Affirmed.*

*Smith & Cullison* for appellant.

*Byers & Lockwood* for appellee.

Given, C. J.—I. Appellant's first complaint is of certain rulings in taking the testimony. These and other objections will be better understood by stating the following undisputed facts: In the fall of 1881, the plaintiff, then about eleven years of age, and without parents, guardian, or home, was taken by the defendant, without legal adoption, to his home to reside. Plaintiff continued to reside with the defendant, as a member of his family, until about December,

1889. During all that time, plaintiff received his support from the defendant, and labored for the defendant on his farm, except during about seven months, when attending school, during which time he worked only mornings and evenings.

II. Appellant complains that plaintiff was permitted to state the amount of money paid to him by the defendant. This was in issue under plaintiff's allegation that no part of the wages claimed had been paid, and defendant's allegation that he had been paid in full. The evidence was properly admitted. Under the issues and undisputed facts, it was immaterial how long plaintiff had been with the person from whom defendant received him, what efforts had been made to get him a home, or whether plaintiff considered himself the adopted son of the defendant; and that evidence was properly excluded. There was no error in admitting evidence of the kind and amount of clothing furnished to the plaintiff, nor as to the kind of boy he was to work, and the kind and amount of work he performed for the defendant. This was material to fix the amount to be recovered. Plaintiff was permitted to testify that at one time "Mr. Lehan told me,—going down to the yard, one day, he says,— 'If you stay with me until' such a time, 'I will give you a team, harness, and wagon, and I will give you $200.'" Let it be conceded, as claimed by appellant, that this only tends to show a mere promise, and not a contract, yet it was admissible as tending to show the expectation of the parties as to compensation for the services. Plaintiff testified that, some time after the defendant had turned him off, he returned to do certain work, and

was taken sick, and remained ill at defendant's home for several weeks. He was then permitted to state that the county paid one of the physicians who attended him, and that he paid the other, and the kind of care he received from defendant's family. This was admitted, says the court, only to show the relations between the parties. There was no prejudicial error, if error at all, in the ruling. Other errors are assigned upon rulings in taking the evidence, but we do not think the rulings were erroneous, nor the complaints of sufficient importance to require further notice. ˙

III. The court, after saying to the jury that plaintiff was a member of defendant's family during the time he rendered the services sued for, instructed as follows: "The presumption of law is that such services were gratuitous; and the burden of proof is on the plaintiff to show an express promise on defendant's part to make compensation therefor, or such facts and circumstances as will authorize the jury to find that the services or some part thereof, were rendered in the expectation by the plaintiff of receiving, and by defendant of making, compensation therefor." This instruction is in accord with the ruling in *Scully v. Scully's Ex'r*, 28 Iowa, 548. See also *McGarvy v. Roods*, 73 Iowa, 363 (35 N. W. Rep. 488); *Cowan v. Musgrave*, 73 Iowa, 384 (35 N. W. Rep. 496); *Magarrell v. Magarrell*, 74 Iowa, 378 (37 N. W. Rep. 961).

Appellant argues at length, and with many citations, that the promise, as testified to by plaintiff and quoted above, does not constitute an agreement to pay for the services, and therefore plaintiff cannot recover. Again, we say, let this be conceded, yet surely it tends, not only to show an express agreement, but the expectations of the parties. There was other evidence, tending in the same direction, from

which the jury was warranted in finding that the plaintiff rendered, and the defendant received, the services with the expectation that compensation would be made, if not that there was an express agreement.

Appellant contends that plaintiff is only entitled to recover, if at all, upon the promise to give him the team and two hundred dollars, and that he cannot recover therefor in this action. That promise is not pleaded or relied upon as of itself constituting an agreement, but is relied upon, in connection with other facts proven, to show the understanding and expectation of the parties.

The court told the jury that the facts and circumstances must fairly show that the parties expected to give and receive compensation. Appellant contends that the circumstances must "indicate clearly, directly, positively, and unambiguously" such expectation. Positive proof, in the sense that it leaves no doubt, is not required on such issues. Facts and circumstances that fairly show the alleged expectations surely indicate them as claimed by appellant. The instruction calls for the degree of proof required in such cases.

Much is said in argument as to contracts by and with minors, and the right of minors to disaffirm their contracts, all of which has but little, if any, application to this case. True, plaintiff was a minor; but he is entitled to recover for his services, though a member of defendant's family, if he has overcome the presumption that the services were gratuitous by showing an express agreement or expectation of the parties that he was to be compensated. The jury found specially, and with sufficient warrant in the evidence, that there was an express promise on defendant's part to pay for the services; and plaintiff

is entitled to the benefit of this agreement, though he was a minor.

It is complained that the jury was told, if it found for the plaintiff, it should give him what his services were worth more than the board, support, clothing, education, and money furnished him by the defendant.

The complaint is that this denies to the defendant credit for the "benefits and influence of home, the care bestowed upon the plaintiff, and all those matters that surround and influence boys, and really fix and determine their characters and worth in manhood." According to the record, this case is not one for a very large credit on these accounts, yet whatever credit appellant is entitled to is accorded to him in the instruction. All that appellant contends for is included in support and education.

IV. Appellant's further contention is that the verdict is contrary to the evidence and instructions. We have examined the record with the care which the importance of the case demands, and are of the opinion that the instructions correctly present the law applicable to the case; that the verdict is in harmony with the instructions, and has such support in the evidence as that we should not disturb it.—*Affirmed.*