THOMAS S. MILLER, Appellee, v. ELLEN ARMSTRONG, Executrix, Appellant.

**Account:** ITEMS. Items of charge for services of a nurse during sickness, and for money loaned, may be included in an action on a continuous, open and current account for board, washing and attendance of a nurse, where the correctness of the items is established.

**Recovery on an Account:** INSTRUCTION. In an action on account where a stated amount is claimed on each item, it is error to instruct that if plaintiff is entitled to recover he should be allowed a sum not in excess of the aggregate amount claimed, as the same permits the jury to disallow some items and award more than claimed on others.

*Appeal from Wapello District Court.*—HON. C. W. VERMILLION, Judge.

MONDAY, FEBRUARY 15, 1904.

SUIT on a claim for board, washing, nursing, and attendance, and for the care and keeping of horses and for money loaned. There was a verdict and judgment for the plaintiff, from which the defendant appeals.—*Reversed.*

*W. W. Rankin* and *McElroy & McElroy* for appellant.

*Steck & Smith* for appellee.

SHERWIN, J.—The items of account upon which this suit was founded were alleged to have been furnished the deceased, Elizabeth Hale, from August 17, 1892, to March 31, 1897, the largest one of which was for her board, washing, and the attendance of a servant, during that period. That the deceased lived with plaintiff and his family during the greater part of the time stated is undisputed, the evidence for the defendant tending only to show that from some inde-

finite time in 1896, up to the 31st day of March, 1897, she spent a part of the time at the home of a relative near by; but the length of each sojourn at this place, and the particular time thereof, were not shown. The evidence tended to show that in 1893, while she was living with the plaintiff, the deceased was ill for many weeks, and that during such illness the plaintiff provided her with a nurse, for which a charge was made in the account filed herein. Another item of the account was a charge for money loaned to the deceased in 1896. Both of these items are challenged on the ground that they are in no proper sense parts of a continuous, open, current account, and because thereof it is contended that the court erred in instructing the jury that the account was continuous, open, and current.

We think there was no error in the instruction. There was evidence tending to show that the deceased never had such an illness, and it was for the jury to determine whether 1. ACCOUNT: the service alleged was ever rendered her; but items. if it was in fact, and the jury so found, no question remained as to the time thereof; and we do not doubt that the charge therefor, if found to be correct, constituted a part of a continuous, open, current account. We have held that a charge for the care of a horse may properly be included in and become a part of an account for board, lodging, and office rent, and we see no reason why the care of a person during illness is not entitled to at least as great consideration. *Tucker v. Quimby,* 37 Iowa, 17; *Wendeling v. Besser,* 31 Iowa, 248; *Moser v. Crooks,* 32 Iowa, 172; *Carroll v. McCoy,* 40 Iowa, 38. The evidence touching the claim of money was conclusive as to time and amount, and, if in fact loaned the deceased, it was a part of the account under the authorities cited.

It is a familiar rule that, when there is no conflict in the evidence on a given point, the court may treat it as fully established and instruct accordingly. *Gavin v. Bischoff,* 80 2. RECOVERY Iowa, 605. The claim filed herein stated the on account: instruction. value of the board, washing, and attendance per

week, and the aggregate amount claimed therefor. As a sep·arate item of account the value of the nursing per week, and the total sum claimed therefor, were given, and the other items of the claim were particularized in the same way; and as to most of the items the evidence as to value ranged from the amount charged up to a much larger sum, the total amount of the claim for the various items, exclusive of the money loaned, being $2,902.50. The court instructed that, if the plaintiff was entitled to recover on his claim, he should be allowed therein such sum as the services actually rendered were reasonably worth, not exceeding the total sum claimed therefor. The plaintiff having claimed a stated sum per week, month, or year for the services rendered, and the total amount claimed for each item thereof, it is manifest that he could recover no greater sum for any item than he claimed in his account, for the account was in effect his petition and the statement of his cause of action. But under the instruction given the jury was authorized to allow him the reasonable value of each item of his account, whether such value would amount to more than he had claimed therefor or not, provided only that the total amount allowed on all items did not exceed the total amount claimed. In our judgment the instruction was wrong and prejudicial to the defendant, for under the evidence it permitted the jury to award the plain·tiff a greater sum on many of the items than he claimed. This point was directly involved and decided in the case of *Charles City Plow & Mfg. Co. v. Jones & Co.,* 71 Iowa, 234.

For the error pointed out, the judgment is REVERSED...·