JAMES BAKER v. JOHN OUGHTON, Appellant.

Implied contract: PLEADING. A petition alleging that necessaries were furnished the wife at her request and promise to pay therefor, though not averring any agreed compensation, states a cause of action against the husband on an implied contract.

Husband and wife: NECESSARIES: LIABILITY OF HUSBAND. Where a husband expells his wife from the home he is impliedly liable for her support, whether the expulsion was justifiable or not.

**Instructions:** BURDEN OF PROOF. Where the evidence in support of an issue was conclusive, an erroneous instruction respecting the burden of proof was without prejudice.

**Withdrawal of improper evidence.** Any error in allowing the wife of plaintiff to testify to transactions with the wife of defendant since deceased, was cured by withdrawing the evidence and instructing the jury not to consider it.

**Opinion evidence.** Where specific details cannot be readily described by a witness, his conclusion is permissible.

**Evidence:** RECONCILIATION. A husband who has excluded his wife from the home will not be permitted to show, in an action against him for her necessaries, that he offered to permit her return upon certain conditions.

**Account:** RECOVERY: INSTRUCTION. Where a stated amount is claimed on each item of an account, failure to instruct that no more should be allowed on a single item than is claimed, is error, although the verdict it less than the aggregate amount of the items.

**Amended abstract:** FILING: CONSIDERATION. An amended abstract by appellee will not in all cases be stricken because filed at a later date than prescribed by the rule.

**Argument:** CONSIDERATION WHEN FILED TOO LATE. Consideration of an argument filed after the time prescribed is discretionary with the court, and where its consideration will be in the interest of justice or aid the court in determining the case, it will not be ignored.

*Appeal from Appanoose District Court.*— HON. ROBT. SLOAN, Judge.

TUESDAY, MARCH 6, 1906.

ACTION to recover for board, clothing, medical attendance, and nursing furnished to defendant's wife, Mary Oughton, and infant child. Verdict and judgment for plaintiff. Defendant appeals.— *Reversed.*

*H. E. Valentine,* for appellant.

*Howell & Elgin,* for appellee.

McCLAIN, C. J.— It is admitted that defendant drove his wife and their infant child from his home in the night-time, and that the wife took the infant with her to the home of her sister, the wife of the plaintiff.   The evidence tends to show without substantial conflict that when thus driven from defendant's house the wife and child were in their night-clothes, or at any rate without adequate clothing, and that they took nothing with them save what they had on. The action is to recover for clothing and board, and also for medical attendance and nursing, furnished to the wife and child by the plaintiff during the ensuing seven months, and up to the time of the death of the wife, during which period the wife and child remained at plaintiff's house.   It further appears that immediately after the wife went to plaintiff's house she instituted an action against her husband for divorce and alimony, and defendant filed a cross-petition asking for divorce, and that this proceeding was pending at the time of the death of defendant's wife.

I.   While it is alleged in the petition that the board, nursing, etc., for which plaintiff seeks to recover was furnished to Mary Oughton at her request and on her promise of compensation, the action was not against the defendant on any express contract of his to make such compensation, and therefore the contention of appellant that plaintiff cannot rely on implied contract, having sued on express contract, is without force.   Moreover, as the amount which the wife agreed to pay was not fixed by contract, the claim, even as against her, would have been one for the reasonable value of the goods furnished and services rendered, and therefore would be an action on implied contract.   *Allison v. Parkinson, Ex'r,* 108 Iowa, 154; *Rogers v. Millard,* 44 Iowa, 466.

1. IMPLIED CONTRACT: pleading.

II.   It is not contended that defendant would not be liable to plaintiff for necessaries supplied to his wife and child after they had been driven from his home without justifiable cause; but it was contended for defendant that if

there was good cause for driving out his wife, and she volun-
tarily took the infant child with her, the plain-
tiff, having knowledge that the wife was thus
driven away with good cause, could not re-
cover, and that the court, in refusing to receive evidence that
the conduct of the wife prior to her expulsion from de-
fendant's home was such as to justify him in expelling
her, committed error. Whatever may be the rule on this
question at common law, there can be no question as to the
liability of defendant in this case; for it is expressly pro-
vided in Code, section 3166, that "neither husband nor wife
can remove the other nor the children from the homestead
without the consent of the other," and we think that when
the defendant drove his wife from the home in which she
had, as to possession, an equal right with him, he impliedly
obligated himself to pay for her support, regardless of the
cause of such expulsion. If he had abandoned her, leaving
her in possession of the homestead, then the question of his
liability might depend on whether his abandonment was
justifiable (*Menefee v. Chesley,* 98 Iowa, 55), but we do not
think that it can have been the intention of the Legislature,
in expressly prohibiting the husband from expelling the wife
from the home, that she should nevertheless be left without
any legal provision for her support, and that those who
furnish her necessaries should do so subject to a determina-
tion of the question whether there was justification for the
husband's act, no justification being recognized as sufficient
by the statute. The argument in favor of this view is
strengthened by the consideration that where the husband
seeks a divorce from his wife, whether originally or by cross-
bill, he may properly be compelled to furnish her temporary
support and to pay her attorney's fees; the reason evidently
being that she should not be deprived of the means of mak-
ing defense and that the court ought not to be compelled in
advance to determine whether she has a good ground of de-
fense. *Finn v. Finn,* 62 Iowa, 482; *Sherwin v. Maben,* 78

*(margin note beside paragraph:)* 2. HUSBAND AND WIFE: necessaries; liability of husband.

Iowa, 467; *Doolittle v. Doolittle,* 78 Iowa, 691. Certainly there is no greater reason for allowing the wife temporary alimony and attorney's fees, when the husband is seeking to procure a divorce from her on a ground that is sufficient on the face of it, than there is for allowing her the necessaries of life after he has driven her from home, and while she is endeavoring to secure a determination of the question whether his action was without justification.

III. Some question is made as to an instruction casting upon the defendant the burden of proving that his wife had means of her own with which to maintain herself, or

3. INSTRUCTION: that the defendant furnished her the means to
burden of
proof.        maintain herself; but it seems to us to be wholly unnecessary to consider this question, for the evidence shows without conflict that the wife was entirely without means for her support and that the husband made no provision therefor. If there was error in this instruction, it was without prejudice, for no different result could have been reached by the jury had a different instruction been given.

IV. Other alleged errors briefly referred to by appellant may be as briefly considered. It is claimed that the wife of plaintiff was improperly allowed to testify to transactions between her and the deceased wife of de-

4. WITHDRAWAL
OF IMPROPER        fendant showing the amount of nursing which
EVIDENCE.        the latter required; but the court immediately withdrew this evidence from the jury in plain terms, and in an instruction specially directed the jury not to consider it. We think any error in receiving the evidence was cured by this action of the court. The evidence did not go to the fundamental right of action, but was merely incidental, as tending to show the amount of recovery which might be allowed for a particular service, and we cannot think that the jury would, in violation of the direction of the court, give it any weight or be in any way prejudiced or misled by it.

Plaintiff was allowed to testify that articles of clothing

furnished by him to the deceased wife and her infant were needed by them. But this is clearly one of the class of

**5. OPINION EVI-DENCE.** cases in which an opinion may be expressed as to a condition not readily described by giving the specific details as observed by the witness.

Some point is made as to the refusal of an offer of evidence on the part of defendant that he told his wife after she left him that he was willing she should return and live

**6. EVIDENCE:** reconciliation. with him if she would agree to refrain in the future from any of the acts of violence which he claimed that she had been guilty of in the past. But the objection to this offer that it was not unconditional was properly sustained. It was not for the defendant, after having driven his wife from home by violence, to propose a reconciliation on the condition that she was to abandon any resistance to possible wrong on his part. When the husband seeks to secure the return of his wife after she has left him on the ground of alleged improper conduct on his part, the offer of reconciliation must be unconditional. Schouler, Dom. Rel. (5th Ed.) section 66; 15 Am. and Eng. Enc. Law, p. 866.

V. In his instructions to the jury the trial judge did not specifically limit the amount of recovery for each article or service furnished or rendered to defendant's deceased wife

**7. ACCOUNT:** recovery; instruction. to the amount claimed in the itemized account set out in the petition. In this we think there was error. What is said in the concluding paragraph of the opinion in *Miller v. Armstrong, Ex'r*, 123 Iowa, 86, seems directly applicable in the present case. As to some of the items the evidence tends to show a greater amount to be due than claimed in the petition, and although the verdict of the jury was for an aggregate amount less than the total of plaintiff's claim, it does not appear that the jury may not have allowed for some items more than the amount claimed therefor in the itemized statement. For this error in the instructions the judgment must be reversed.

VI.   A motion by appellant to strike appellee's amendment to abstract and argument on the ground that they were filed too late under the rule is submitted with the case.   Appellants abstract was filed March 27, 1905, his argument December 8th, appellee's additional abstract December 18th, and appellee's argument January 5, 1906.   The case was submitted January 11, 1906.   While it is true that the amended abstract should have been filed, under rule 31, ten days after receiving appellant's abstract, we have not thought it necessary in all cases to strike out appellee's amendment to abstract filed at a later date than as thus required.   It may often be impracticable for the appellee to determine whether an amendment will be necessary until he has received appellant's argument and has ascertained what portion of the record appellant relies on.

8. AMENDED ABSTRACT: filing: consideration.

With reference to the delay in filing appellees argument, less can be said by way of excuse, and yet as a matter of fact, if this argument were to be regarded as stricken from the files, we should still be compelled to pass upon the sufficiency of the errors urged by the appellant, and it would be neither in the interest of the court in determining the case nor in the interest of justice that an argument filed by appellee should be ignored.   If appellant wished time to reply, he could have asked for a continuance, or, desiring a prompt submission of the case, he could have asked additional time within the January period of the court in which to file his reply, and such reply could have been received and considered without delaying the disposition of the case.   Rule 55 provides that for failure to file an argument within the time specified the opposite party may have a continuance or have the case submitted on the briefs and arguments on file when the default occurred, " unless the court shall for sufficient cause otherwise order."   It is within our discretion, therefore, to consider the appellee's argument, if the interests of justice are to

9. ARGUMENT: consideration when filed too late.

be promoted thereby and while we have no inclination to excuse appellee for unreasonably failing to comply with the rules as to time for filing abstracts and argument, we are justified in taking into account the particular conditions surrounding the case. The motion is therefore overruled.

For the error pointed out in the fifth division of this opinion, the judgment of the lower court is *reversed*.