T. F. DESMOND, Appellee, v. WILLIAM C. SMITH et al., Appellants.

No. 42614.

DECEMBER 11, 1934.

Stowe & Kirchner, and Putnam, Putnam, Langdon & Fillmore, for appellant William C. Smith.

Stewart & Hextell, for appellant Stacy Fruit Co.

F. J. Lund, and D. M. Kelleher, for appellee.

KINDIG, J.—On February 8, 1933, a collision occurred between an automobile driven by T. F. Desmond, the plaintiff-appellee, and an automobile operated by the defendant-appellant William C. Smith. The collision took place in Webster City at the intersection of Bank street and Wilson avenue. Wilson avenue extends in a northerly and southerly direction, while Bank street intersects it at right angles. As the appellee was driving his car in a northerly direction toward the intersection, the appellant Smith's car approached the same intersection from the west. Immediately thereafter the collision occurred. At the time in question it is claimed by the appellee that the appellant Smith was an agent and employee of the appellant Stacy Fruit Company. Consequently the appellee commenced the present action against the appellants to recover damages for injuries received in the collision.

It is alleged by the appellee that the collision occurred because of the negligence of the appellant Smith. There was a jury trial, and that body returned a verdict in favor of the appellee. In due time thereafter the appellants filed a motion for a new trial, in which they set forth objections to the district court's instructions, and made other complaints. After considering the motion for a new trial, the district court overruled the same and entered judgment on the verdict. From that judgment and ruling the appellants appeal.

Because we are granting a new trial, we refrain on this appeal from discussing the sufficiency or insufficiency of the evidence relating to the appellants' negligence or to the contributory negligence of the appellee. Nor do we discuss or consider any of the complaints made by the appellants on this appeal, except one. That relates to the court's instruction on the subject of damages. The appellee, in his amended petition, limited the amount of damages claimed on certain items, but, when the district court submitted the issues to the jury, it overlooked the limitations thus placed on the items of damages, and allowed the jury to assess damages without limitations.

Concerning a somewhat similar instruction, we said, in Baker v. Oughton, 130 Iowa 35, reading on page 40, 106 N. W. 272, 274:

"In his instructions to the jury the trial judge did not specifically limit the amount of recovery for each article or service furnished or rendered to defendant's deceased wife to the amount claimed in the itemized account set out in the petition. In this we

think there was error. What is said in the concluding paragraph of the opinion in Miller v. Armstrong, 123 Iowa 86, 98 N. W. 561, seems directly applicable in the present case. As to some of the items the evidence tends to show a greater amount to be due than claimed in the petition, and although the verdict of the jury was for an aggregate amount less than the total of plaintiff's claim, it does not appear that the jury may not have allowed for some items more than the amount claimed therefor in the itemized statement. For this error in the instructions the judgment must be reversed."

Likewise we said in Sergeant v. Challis, 213 Iowa 57, reading on page 66, 238 N. W. 442, 446:

"This instruction cannot be upheld. The plaintiff in his petition alleged a specific amount of damage for loss of time, a specific amount for nursing and caring for him, and a specific amount for permanent impairment or injury, and asked judgment for all of the same in the sum of $6,656. The court, in the aforesaid instruction, does not tell the jury what elements may be considered by them in fixing the amount of plaintiff's recovery, *nor fix the limit of recovery for the different elements mentioned in the petition to that alleged in the petition, nor as shown by the evidence relative thereto.* * * * The instruction gives no rule to the jury upon this all important question, but left them to wander into the domain of speculation and conjecture. Appellant's complaint as to this instruction must be upheld." (Italics supplied.)

Again we said in Wosoba v. Kenyon, 215 Iowa 226, reading on page 229, 243 N. W. 569, 571:

"Manifestly the district court should have told the jury that in allowing appellee damages for the doctor bill, no more could be allowed than the amount claimed therefor in the petition. Likewise, the district court should have repeated this thought concerning each item of damages asked; that is to say, appellee could not recover for any one item of damages listed a greater sum than the amount specifically asked therefor in the petition. So, too, the jury could not allow a greater sum than the aggregate amount asked in appellee's petition for the total damages. Of course, in no event could the jury allow any sum, even within the limitations above named, not supported by the evidence."

To the same effect see Charles City Plow & Manufacturing Co. v. Jones & Co., 71 Iowa 234, 32 N. W. 280; Miller v. Armstrong, 123 Iowa 86, 98 N. W. 561; In re Estate of Oldfield, 158 Iowa 98, 138 N. W. 846; Gardner v. Boland, 209 Iowa 362, 227 N. W. 902; Balik v. Flacker, 212 Iowa 1381, 238 N. W. 467; Waldman v. Sanders Motor Co., 214 Iowa 1139, 243 N. W. 555.

But it is argued by the appellee that the evidence on any item named would not support a judgment for more than the amount claimed in the amended petition. Therefore the appellee concludes that the appellants were not prejudiced because the district court told the jury to allow only such damages as were supported by the evidence. The principle of law here contended for by the appellee was sustained in Wosoba v. Kenyon, supra, and the cases therein cited. It cannot be said, however, that the error of the district court in the case at bar can be cured in this way. There is nothing to indicate that the evidence sustaining the items named would not warrant a larger verdict than that fixed by the limitation in the appellee's amended petition. In his original petition, the appellee, after describing the injuries received in the collision, asked for damages in the lump sum of $8,000. This petition the appellants attacked by a motion for a more specific statement. When the motion was presented to the district court, it sustained the same in the part requiring that there be a more specific statement concerning the amount claimed by the appellee for loss of time and earnings and the amount expended by the appellee for doctors, nurses, and hospital services.

While attempting to comply with the court's ruling in that regard, the appellee, by amendment to his petition, pleaded as follows:

"Plaintiff (appellee) suffered a complete loss of time from the date of his injury on February 8, 1933, until he was removed from the hospital on March 11, 1933, and substantially complete loss of time for one month thereafter, during which period he could only move on crutches and thereafter partial loss of time because of his disability to the present time *and which he alleges will continue in the future,* which he alleges would be forty per cent loss of time following April 11, 1933. [Limitation No. 1] *That the extent of his loss of earnings is not less than Fifteen Hundred Dollars ($1,500.00).* That the reasonable value of services of physicians, surgeons, nurses, and hospital bills as a result of said injuries described in plaintiff's petition is the sum of Fifteen Hundred Dollars ($1,500.00). [Limita-

tion No. 2] *That of the aggregate amount of damages claimed. Fifteen Hundred Dollars ($1,500.00) is claimed for past loss of time and of earnings; Fifteen Hundred Dollars ($1,500.00) for doctors, nurses, and hospital bills."* (All italics supplied.)

For convenience, we have just designated by the insertion of brackets the limitations placed upon loss of earnings and loss of time as limitation 1 and limitation 2. Manifestly the appellee, in the amendment quoted, referred to both future and present loss of time and earnings. Immediately following his allegation concerning past and future loss of time and earnings, the pleader then inserts the italicized sentence referred to by us as limitation No. 1. That sentence is so inserted by the pleader as to affect both past and future loss of time and earnings named in the amendment immediately before the sentence in question. Possibly it was the intention of the appellee to plead that the $1,500 limitation was to affect only the past loss of time and earnings. The appellee, in his amendment, when referring to expenditures for doctors, nurses, and hospital services, repeats a $1,500 limitation thereon; that is, to say, the appellee mentions the $1,500 limitation twice in this regard. It may be that the appellee intended that the same repetition should apply when making a $1,500 limitation for past loss of time and earnings. But, whatever the intention of the appellee in that regard may have been, he obviously failed to make himself plain. At the place which we have designated limitation No. 1, the pleader clearly refers to both past and future loss of time and earnings; while at the place which we have designated limitation No. 2 he refers only to past loss of time and earnings.

As previously suggested, the district court did not put into its instructions the limitations named in the appellee's amendment. On the other hand, the district court permitted the jury to assess damages on these various items without regard to any limitation. Under the circumstances, it cannot be said that this error of the district court, as before explained, was cured because the evidence did not allow the jury to return a verdict greater than the limitation fixed in the pleading. This will be demonstrated by considering the pleadings, the instructions of the trial court, and the evidence.

When stating the issues to the jury, the district court, among other things, said: "Plaintiff (appellee) alleges that as a result of said injuries, he has been permanently disabled, and that it will in the future be impossible for him to perform and attend to many of

the duties of his profession; that he was confined to the hospital from the day of his injury until March 11, 1933, and suffered a complete loss of time during this interval, and subsequent complete loss of time for one month thereafter during which period he could only move on crutches, and thereafter a partial loss of time because of his disability, to the present time, and which disability will continue in the future; *that the extent of his loss of earnings is not less than fifteen hundred dollars,"* etc. (Italics supplied.)

Plainly, therefore, the district court entirely overlooked the limitation, which we have designated No. 2, in the appellee's amendment. According to the court's instructions, the limitation of $1,500 mentioned relates to future as well as past loss of time and earnings. Because of the peculiar phraseology of the limitation in the instructions of the court and in the amendment to the appellee's petition, the jury was told, in effect, that the extent of the loss of earnings "is not less" than $1,500. By the use of the words "not less", the court rather suggested to the jury that such loss might be more than $1,500. That error is aggravated throughout the instructions. For instance, in instruction 24, the district court told the jury to allow such amount that will "fairly and fully compensate" the appellee for the injuries sustained. Again, in the same instruction, the district court further told the jury "in determining this amount * * * you should take into account * * * the loss of his (appellee's) earnings."

These statements were made to the jury by the district court without placing any limitations whatsoever upon the verdict that body should return in the appellee's favor for loss of time or earnings. No distinction was made in the instructions between past and future earnings, although such distinction is made in the second limitation designated in the appellee's amendment to his petition. Moreover, the district court placed no limitation upon the amount which might be allowed the appellee for either past or future loss of time and earnings, in accordance with limitation No. 1 in the amendment to his petition. On the other hand, by telling the jury under the issues that the appellee claimed both past and future loss of time and earnings, and then saying to the jury that the appellee's loss in that regard is *not* less than $1,500, the jury, because of the other instructions above mentioned, naturally would think that it might allow the appellee something more than $1,500 for his loss of time and earnings. Under the evidence, it is impossible for us to know

what amount the jury allowed the appellee for loss of time and earnings. The jury made no distinction between past and future loss of time and earnings. Perhaps it may be said with some degree of certainty that the evidence showed damages in an amount less than $1,500 for the past loss of time and earnings, but it cannot be said under any circumstances that the evidence did not warrant the jury in returning a verdict in a much greater sum for the future loss of time and earnings. According to a doctor testifying as an expert, the appellee's loss of ability to work was as high as seventy-five per cent. In the aggregate, the verdict returned was $4,000. A large part of that amount may have been for the future loss of time and earnings. We cannot say. Consequently, it cannot be decided that the appellants were not prejudiced by the district court's error in not limiting the amount of the appellee's recovery for loss of time and earnings to the amount named in the amended petition. When reaching this conclusion, we have not given consideration to the district court's failure to limit, in accordance with the amendment to the petition, the amount of the appellee's recovery for expenditures made for doctors, nurses, and hospital services. Because, however, the district court failed to limit the amount of the appellee's recovery for loss of time and services, in accordance with the limitations named in the amended petition, a new trial must be granted.

Wherefore the judgment of the district court must be, and hereby is, reversed.

STEVENS, EVANS, ALBERT, ANDERSON, KINTZINGER, and DONEGAN, JJ., concur.